# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

# MOORE GROUP, INC.

### Civ. A. No. C75–1029A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 30, 1976.

ners is a citizen". *Lewis v. Odell* (2d Cir. 1974) 503 F.2d 445, 446.

Milton C. Branch, Regional Atty., Atlanta Regional Litigation Center, Atlanta, Ga., for plaintiff.

Claud L. McIver, III, Fisher & Phillips, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

This Title VII action, 42 U.S.C. §§ 2000e, *et seq.*, is now before the court on plaintiff's motion for relief from this court's order of March 25, 1976, dismissing the above-titled action as barred for laches. Although plaintiff's motion was originally filed under Rules 52(b) and 59(e), both of which were untimely, plaintiff then filed, and this court chooses to hear, its motion pursuant to Rule 60(b)(6), Fed.R.Civ.P. Shortly after this court's March 25 order, the Fifth Circuit decided *EEOC v. Exchange Security Bank,*

529 F.2d 1214 (5th Cir. 1976), which, while significantly affecting the grounds upon which the prior order was based, does not disturb the outcome.

■■■ In the previous order, this court held that laches is available as a defense in an action brought by a federal agency for monetary and/or equitable relief, even when brought to enforce public rights. In so doing the court assumed that dictum in *Chromcraft Corp. v. EEOC*, 465 F.2d 745 (5th Cir. 1972), indicating that laches was unavailable in a suit to enforce public rights, had been implicitly overruled by subsequent Fifth Circuit decisions, specifically *United States v. Georgia Power Co.*, 474 F.2d 906 (5th Cir. 1973), and *EEOC v. Griffin Wheel Co.*, 511 F.2d 456 (5th Cir. 1975). Upon reconsideration, this court finds that since the issue of laches was not actually before the court in *Georgia Power* and *Griffin Wheel*, and since the discussion of laches in those cases is at least ambiguous,[1] it now declines to hold that laches is available as a defense.

■■■ However, this does not mean that EEOC may proceed despite the lengthy delay exhibited in this case. For in *Chromcraft*, the very case which prohibited the use of laches, the Fifth Circuit discussed the use of a provision in the Administrative Procedure Act, 5 U.S.C. § 706(1),[2] to set aside agency action as unlawful if "unreasonably delayed." *Chromcraft, supra*, at 747. The court's only reservation concerning this provision, which allows a reviewing court to *compel* delinquent agency action, was whether it could be used by a court to *nullify* agency action unreasonably delayed.[3] Assuming without deciding that § 706 could be so used, the Fifth Circuit in *Chromcraft* proceeded to discuss the requirements necessary to satisfy a defense based on that provision. In *EEOC v. Exchange Security Bank, supra*, at 1217, the Fifth Circuit seems to have resolved its uneasiness concerning the use of § 706 as a defense to lengthy delays in EEOC actions by holding that the requirements of § 706 "established by *Chromcraft* must be applied by this Court in considering the effect of delay uncontrolled by statutory time limitations."

■■■ Those requirements necessary to satisfy a § 706 defense are a delay which is unreasonable, and a showing of prejudice to the defendant occasioned by the agency delay. Not surprisingly, these are the same requirements applied by this court in its previous order under the doctrine of laches. (*See* Order at 4 *citing Akers v. State Marine Line, Inc.*, 344 F.2d 217 (5th Cir. 1965).)

---

1. After setting out the accepted principle that state statutes of limitation are inapplicable when the government sues to enforce a public right, the court in *Georgia Power* held that in suits by EEOC to enforce private rights (*e. g.*, monetary claims for back pay), state statutes of limitation do apply. With respect to the latter suits, the court went on to state in dicta that "As is true with regard to wholly equitable actions, the doctrine of laches is applicable . . . ." *United States v. Georgia Power Co.*, 474 F.2d 906, 923 (5th Cir. 1973). However, in *Griffin Wheel*, in a footnote following a reiteration of the rule concerning the inapplicability of state statutes of limitation in suits to enforce the rights of the sovereign, the court, perhaps mistakenly, cites *Georgia Power* for the proposition that in these public suits "The doctrine of laches would remain applicable." 511 F.2d 456 (5th Cir. 1975).

2. Section 706 of Title 5, United States Code, provides in relevant part: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant ques-

tions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed . . . ."

3. However, when § 706 is read together with other provisions of the Administrative Procedure Act, it becomes more apparent that the provision confers upon a reviewing court the power to dismiss such delinquent actions. See § 706(2), which provides in relevant part that a reviewing court shall "hold unlawful and set aside agency action . . . found to be . . . without observance of procedure required by law," and § 555(b) which provides in relevant part, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." *See also Deering Milliken, Inc. v. Johnston*, 295 F.2d 856, 861–864 (4th Cir. 1961).

At that time this court took note of the passage of three and one-half years between the original filing of the charge and the determination that conciliation efforts had failed, and the lapsing of another one and one-half years before suit was filed. Prejudice was found from the fact that potential witnesses for the defendant, former fellow-employees of the complainant including her supervisor, had left defendant's employ, and that all employee timecards, including those of the charging party, for time periods prior to 1971, had been destroyed. Plaintiff contests this finding of prejudice absent a showing that these witnesses could not be located without unreasonable effort and points to the availability of one employee who could testify as to circumstances surrounding the charging party's employment and, specifically, as to the use of timecards. However, the availability of one witness which EEOC used in its own investigation will not compensate for absent witnesses for the defendant whose whereabouts are unknown. Moreover, since the differential use of timecards is itself a main issue, the destruction of the specific timecards in question would seriously hamper the defendant in the preparation of its case.

■ Plaintiff contends that defendant is estopped from claiming prejudice in that it unjustifiably destroyed said timecards, in violation of EEOC regulations which require that an employer must preserve all records relevant to a discrimination charge until final disposition of the action. Plaintiff's contention raises the issue of when a defendant may reasonably conclude that a case has reached final disposition. This court has today decided in *EEOC v. Metropolitan Atlanta Girls' Club*, No. C75–1175A, 416 F.Supp. 1006, that Title VII does not in itself establish any deadlines by which time the EEOC must file its action, realizing the unsatisfactory result that the EEOC may allow a significant passage of time before filing suit. At the same time this court believes that in delaying the commencement of an action without giving the defendant any indication of its intent concerning the matter, the EEOC runs the risk

of prejudicing the defendant in the preparation of its case. This is precisely what occurred in the instant case. After the charging party's right to sue had expired, the EEOC waited almost one and one-half years before giving the defendant any notice that the matter was still open and only did so by ultimately filing a complaint. In the meantime, defendant reasonably concluded that the case was closed after the charging party's right to sue had lapsed and a considerable amount of time had passed with no word from the Commission, and therefore disposed of its personnel records in the normal course of its operating procedure. This court concludes that defendant, was justified in doing so and therefore would be unquestionably prejudiced in its defense of this EEOC action.

■ In both *Chromcraft* and *Exchange Security*, the Fifth Circuit required, in addition to a showing of prejudice, "something more than time alone . . . to sustain a finding that the Commission's delay was unreasonable." In neither case was there any suggestion that the delay had "resulted from slothfulness, lethargy, inertia or caprice." *Chromcraft Corp. v. EEOC, supra* at 747–48, cited in *EEOC v. Exchange Security Bank, supra* at 1217. Rather, in *Chromcraft*, the court was able to point to two justifications which supported its finding that EEOC's delay was not unreasonable. The court cited specific statistics showing the backlog of cases which plagued EEOC's regional office during the relevant period. The plaintiff in this case has offered no such justification; but even if offered, such a standing excuse would be of dubious validity since it is apparent that any such backlog has not prevented this regional office from bringing numerous other actions to a considerably more timely conclusion.

The second justification found by the court in *Chromcraft* involved a policy, subsequently modified by EEOC regulations, of withholding notice of charges to the defendant (which constituted the delay claimed) until after investigation of the

charge had commenced in order to minimize employer reprisals against charging employees. Since the policy sought "only to accomplish legitimate objectives," delay occasioned by that policy was held not to be unreasonable. *Chromcraft Corp. v. EEOC, supra* at 748. Justification for the delay exhibited in the instant case is peculiarly within the knowledge of the plaintiff, and absent any explanation as to why EEOC waited more than one and one-half years after completing its investigation to file suit, the court must conclude that the Commission displayed a "dilatory attitude" in pursuing this case. *Cf. Chromcraft v. EEOC, supra* at 748.

The requirements set out in *Chromcraft* and *Exchange Security* for establishing inexcusable delay under 5 U.S.C. § 706 having been satisfied, plaintiff's motion for relief from judgment is DENIED.