## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

## The METROPOLITAN ATLANTA GIRLS' CLUB, INC.

### Civ. A. No. C75–1175A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 30, 1976.

Milton C. Branch, Regional Atty., American Regional Litigation Center, Atlanta, Ga., for plaintiff.

Claud L. McIver, III, Fisher & Phillips, Atlanta, Ga., for defendant.

### ORDER

EDENFIELD, Chief Judge.

This Title VII action, 42 U.S.C. §§ 2000e, *et seq.*, is now before the court on plaintiff's motion to amend this court's order of March 25, 1975, dismissing the above-titled action as barred for laches.

For the reasons discussed in today's order in *EEOC v. Moore Group, Inc.*, No. C75-1029A, 416 F.Supp. 1002, this court now declines to hold that laches is available as a defense in the instant case. At the same time, however, it is concluded that § 10e(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1), may be used to set aside agency action upon a showing of delay, which delay is unreasonable and which causes defendant to be prejudiced therefrom. *EEOC v. Moore Group, Inc.*, No. C75–1029A (N.D.Ga., order of even date), at 1002.

■ Upon reconsideration of the facts as presented in this case, the court now concludes that defendant is unable to satisfy the requirements of § 706(1) as outlined above. Although there was a significant delay exhibited by plaintiff in this case (the action was instituted more than two and one-half years after the filing of Ms. Schwartz's charge with the EEOC), there has been no adequate showing by the defendant of prejudice occasioned by this delay. Defendant contends it was prejudiced because the passage of 272 days between the date that the charging party, Schwartz, was notified that conciliation had failed and the date that EEOC's complaint was filed had led the defendant to conclude that the case was closed. However, less than two months after Schwartz's right to sue had expired,[1] the EEOC notified defendant that it had been authorized to sue in the present matter and gave defendant ten days within which to respond to an offer to partake in "pre-suit procedures" in an effort to obtain a voluntary resolution of the suit. Because defendant did agree to engage in this settlement procedure which continued until the suit was filed, it cannot complain that the intervening four-month delay gave rise to prejudice. Presumably defendant was free at any time within that four-month period to withdraw from these negotiation efforts.

Further, defendant can point to no specific item of prejudice which was caused by the passage of time. It points to the nonexistence or disappearance of records, documents and memoranda relevant to this case but by its own admission indicates their absence is due to defendant's status as a nonprofit organization committed to helping young girls instead of keeping "sophisticated employment records." Moreover, this case is distinguishable from the facts presented in *Moore Group, supra*, where the EEOC waited over a year after the charging party's right to sue had expired before filing suit, without giving defendant any indication that the case was still under consideration. In the interim, defendant had thrown away pertinent time cards pursuant to its normal operating procedure, and therein lay the basis for a finding of preju-

---

1. Section 2000e–5(f)(1) of Title 42, U.S.C., requires that an aggrieved party file suit within 90 days of notice that either the EEOC has not filed suit or has not reached a conciliation agreement. Here, Schwartz was so notified on September 20, 1974, and her right to sue expired in late December 1974. *Barfield v. A.R.C. Security, Inc.*, 10 FEP Cases 789 (N.D.Ga.1975); *Kelly v. Southern Products Co.*, 10 FEP Cases 1221 (N.D.Ga.1975).

dice. Here, only two months had elapsed after Schwartz's right to sue had expired when the EEOC informed the defendant that the case was in no way closed, and there has been no specific showing of prejudice caused by the passage of that short period of time.

There having been no adequate showing of prejudice, this court cannot dismiss this action pursuant to 5 U.S.C. § 706(1) as being "unreasonably delayed." Plaintiff's motion to reconsider this court's order of March 25 is GRANTED and the judgment previously entered is hereby VACATED. The court now proceeds to address the other issues raised by defendant's motions to dismiss or, in the alternative, for summary judgment, to strike, and to require a more definite statement.

■ Defendant contends that the expiration of the charging party's right to sue (90 days after notice of failure to conciliate, 42 U.S.C. § 2000e–5(f)(1)), also extinguishes the EEOC's right to sue on the charging party's claim. *EEOC v. C & D Sportswear,* 398 F.Supp. 300, 305 (M.D.Ga.1975). Although the March 25 orders in the instant case and in *EEOC v. Moore Group, Inc., supra,* declined to rule on this point, this court now specifically holds that the EEOC is not required to bring an action on a charging party's complaint within 90 days after the charging party has been notified that conciliation efforts have failed. This conclusion follows implicitly from the Fifth Circuit's decision in *EEOC v. Louisville & Nashville R.R.,* 505 F.2d 610 (5th Cir. 1974), cert. den. 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41, 44 U.S.L.W. 3201 (1975), wherein the court held that the EEOC was not obligated to bring suit within 180 days after a charge was filed. In reviewing the statutory scheme as set out in § 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), the court noted that three specific time limitations were provided at various stages in the procedure: (1) the Commission must wait 30 days from the filing of a charge before instituting suit (in an effort to secure a conciliation agreement); (2) if a conciliation agreement has not been reached or the

EEOC has not filed suit within 180 days from the filing of such charge, the EEOC must so notify the aggrieved party; and (3) the aggrieved party then has 90 days within which to file an action. "No explicit time limitation on the Commission's right to bring civil action is mentioned in the subsection. . . . The private suit limitation makes the absence of any specific limit for Commission actions all the more conspicuous, and the difference must be taken to be intentional." *EEOC v. Louisville & Nashville R.R., supra* at 613; *and see EEOC v. Rollins,* 8 FEP 492, 495 (N.D.Ga.1974).

■ That Title VII supplies no specific deadline by which time the EEOC must bring suit makes sense in light of the legislative history behind the 1972 amendments to Title VII which gave the EEOC enforcement powers. *See generally EEOC v. Louisville & Nashville R.R., supra* at 615–17; *EEOC v. Cleveland Mills Co.,* 502 F.2d 153, 156–57 (4th Cir. 1974). Up until 1972, the aggrieved party bore the responsibility of bringing suit if conciliation efforts on the part of the EEOC failed. The major purpose behind the 1972 amendments was to give the EEOC the power to sue on its own, and it was intended from that time forward that the Commission would be the prime enforcer of the Act in the courts. The 180-day waiting period was created to allow the conciliation process between the employer and the EEOC to proceed without the interference of a private lawsuit. After 180 days, the aggrieved party had 90 days within which to file a private action if dissatisfied with "agency inaction, dalliance or dismissal of the charge, or unsatisfactory resolution. It [was] hoped that recourse to the private lawsuit [would] be the exception and not the rule. . . . However, it [was thought] necessary that all avenues be left open for quick and effective relief." *EEOC v. Louisville & Nashville R.R., supra* at 615, *citing* 118 Cong.Rec.S. 3462, March 6, 1972. It would appear, then, that the purpose behind the 90-day time limitation on private actions was to give the EEOC a clear indication, within a reasonably short period of time, as to whether the aggrieved

party would in fact initiate suit on his own. It seems likely that it was not intended to limit the time within which the EEOC itself could file suit.

Further evidence supporting such a conclusion is found in Congress's awareness of the backlog of cases plaguing the EEOC when it increased its jurisdiction in the 1972 amendments. *See* discussion of legislative history in *EEOC v. Du Pont de Nemours,* 373 F.Supp. 1321, 1328–30 (D.Del.1974). Regarding this workload the Fifth Circuit commented "We cannot infer, without very convincing evidence, that Congress intended to curtail so severely the duration of EEOC's authority in the face of these demands on its limited enforcement resources." *EEOC v. Louisville & Nashville R.R., supra* at 616.

The court takes note of the fact that one court has already held that the EEOC is bound by the 90-day period, *EEOC v. C & D Sportswear Corp.,* 398 F.Supp. 300 (M.D.Ga. 1975). This court however, finds the arguments in *C & D Sportswear* unpersuasive. *C & D Sportswear* bases its holding in part upon the Fifth Circuit's decision in *EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453, 456 (5th Cir. 1975), which held that where an individual has filed suit and then has terminated the action, the EEOC is barred from bringing suit on behalf of that individual on the same charge. However, that decision rested upon principles of res judicata and is distinguishable from the instant case where no suit had ever been filed by the charging party. *C & D Sportswear*'s next argument, which concerns the problem of duplicitous lawsuits *during* the 90-day period, seems directed not towards whether the EEOC may sue *after* the expiration of 90 days, but whether it is in fact required to file suit *before* the 90-day period commences, which was explicitly answered in the negative in *EEOC v. Louisville & Nashville R.R., supra.* In addition, *C & D Sportswear*'s references to the EEOC's regulations and Field Manual, which indicate that in the normal course of events the EEOC has decided whether or not they will file an action before informing the charging party of his right to sue, do not preclude the possibility that in individual cases the EEOC might decide to institute an action upon learning that the charging party will not sue on his own.

*C & D Sportswear* does point out one unsatisfactory result if the EEOC is allowed to institute an action after the expiration of 90 days: under 42 U.S.C. § 2000e–5(f)(1) the aggrieved party has a right to intervene if the Commission files suit. If such an action is filed after the 90-day period, intervention on the part of the aggrieved party would circumvent the time limitation on private actions specifically included in the statute. Despite this anomalous result this court cannot conclude that EEOC should be limited by the same 90-day period in the face of the legislative history and the plain language of the statute which indicate the contrary.

█ The court also notes that the lack of any time limitation in the statute on the Commission's right to sue gives rise to the ultimate conclusion that Title VII would allow the Commission to sue decades after a discriminatory charge was filed. However, in delaying the institution of an action without giving the opposing party any indication of its intent concerning the matter, the EEOC may well run the risk of prejudicing the defendant and causing any action ultimately filed to be dismissed under § 10e(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1), for being unreasonably delayed. *See EEOC v. Moore Group, Inc.,* No. C75–1029A, 416 F.Supp. 1002 (N.D.Ga., order of even date).

█ Defendant's last defense concerning the date on which this action was commenced is that the EEOC is barred from collecting any monetary relief in the form of back pay on behalf of the charging party, by Georgia's two-year statute of limitations governing recovery of wages, Ga.Code Ann. § 3–704. The Fifth Circuit has held that insofar as an EEOC complaint seeks recovery of back pay, it is a private action and is thus bound by the applicable state statute of limitations, *EEOC v. Griffin Wheel Co.,* 511 F.2d 456, 459 (5th Cir. 1975). However, in *United States v. Georgia Pow-*

*er Co.,* 474 F.2d 906 (5th Cir. 1973), where this principle was first announced, the court held that the running of a statute of limitations would be affected in two ways: first, the statute would begin to run from the last act of discrimination, and second, the limitations period would be tolled from the filing of a charge with the EEOC until there has been notice to the charging party that conciliation efforts have failed. 474 F.2d at 924–25; *Franks v. Bowman,* 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Applying these factors to the instant case, the court finds that the last alleged act of discrimination occurred on May 19, 1972, and the action was filed on June 18, 1975. Since the statute of limitations was tolled from the date the charge was filed, June 16, 1972, until the charging party was notified that conciliation efforts had failed, September 20, 1974, this action was commenced long before the statute of limitations had run.

Defendant asserts, however, that this court should not apply the tolling doctrine announced in *Georgia Power, supra,* and *Franks,* supra, and instead cites *Griffin Wheel, supra,* which makes no mention of tolling the statute of limitations. However, in *Griffin Wheel* the Fifth Circuit was concerned with when the last alleged discriminatory act had occurred and remanded the case to the district court for a determination of when the cause of action accrued in light of this issue, never reaching the question of whether the statute of limitations was at any time tolled. *EEOC v. Griffin Wheel Co., supra* at 459. Defendant also claims that *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), implicitly overrules the tolling doctrine of *Georgia Power.* In *Johnson* the Court held that the timely filing of a discrimination charge with the EEOC did not toll the running of the applicable limitation period where the action was eventually brought under 42 U.S.C. § 1981. However, in so holding, the Court noted throughout that the "remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct and independent." 421 U.S. at 461, 95 S.Ct. at 1721. The Court realized that failure to toll the limitations period in a § 1981 action based on an EEOC charge might force a plaintiff into premature litigation, foregoing conciliation efforts which are the main thrust of Title VII. But the Court felt the answer to the dilemma lay in Congress' retention of § 1981 as a remedy for employment discrimination independent of "the more elaborate and time-consuming procedures of Title VII." *Id.* at 465–66, 95 S.Ct. at 1723. Clearly, the Court left open the possibility that in choosing the "time-consuming" route under Title VII as opposed to § 1981, a complainant might be less troubled by a statute of limitations through the operation of a tolling principle. Therefore this court finds that the tolling doctrine of *Georgia Power* controls in this case and accordingly, finds that the back pay claims of plaintiff were filed within the applicable state limitations period.

■ Defendant also argues that this action should be dismissed for lack of jurisdiction in that defendant is not an "employer" as that term is defined in § 701(b) of Title VII, 42 U.S.C. § 2000e(b):

> "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year . . . except that during the first year after the date of enactment of the Equal Employment Opportunity Act of 1972, persons having fewer than twenty-five employees . . . shall not be considered employers."

In the instant case the charge filed on June 16, 1972 alleged that the most recent date of discrimination was May 19, 1972. The parties have stipulated that the defendant employed 25 or more employees for each working day in each of ten weeks between January 1, 1972 and May 15, 1972, and that defendant employed 25 or more employees for each working day in ten or more calendar weeks between May 15, 1972 and December 31, 1972. Defendant contends that

in finding 20 weeks in which at least 25 employees were working for defendant, the EEOC may not look to any period of time after the date of the alleged act of discrimination despite the clear language of the statute specifying "current . . . calendar year." Defendant argues that compiling this "critical mass" of employees before the date of the alleged discrimination is necessary to give notice to employers of potential liability under Title VII before the discriminatory act occurs and to prevent employers from avoiding the statute by reducing its employees after the alleged act. This precise issue, which has never been addressed in the Fifth Circuit, was dealt with handily in *Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975). The court's analysis in *Slack* which responds to the same arguments advanced by defendant here are worthy of note:

"  *  *  *  Employers have had notice of the requirements of the Civil Rights Act since the time of its passage. Whether they could attempt to circumvent its provisions by manipulating the number of persons they employ is irrelevant to the problem of statutory construction facing us. The language of the statute is plain: Congress clearly spoke in terms of 'calendar years.' Although it would have been easy to incorporate appellants' 'critical mass' idea by measuring the relevant number of employees over the 24 months preceding the incident, the statute gives no evidence of such an intent. We can therefore only conclude that Congress meant what it said and that Havens is indeed an 'employer' within the terms of the statute." 522 F.2d at 1093.

The only authority cited by defendant *Utley v. Marks*, 4 FEP Cases 634 (S.D.Ga. 1972), deals with the appropriate test to be used in counting employees and not with how employees should be counted under that test. Since defendant had 25 employees for each working day in each of at least 20 weeks during the calendar year in which the alleged discriminatory act occurred, it satisfies this requirement of employer status under the Act.

Defendant next attacks the delegation of certain functions, such as the determination as to reasonable cause, to the district director of the EEOC. This same argument has been previously rejected by this court, *Chung v. Morehouse College*, No. C75–1110A, and *EEOC v. Morehouse College*, No. C75–1499A (N.D.Ga. Dec. 5, 1975), and defendant's only relevant authority to the contrary has been reversed on appeal. *EEOC v. Raymond Metal Products Co.*, 385 F.Supp. 907 (D.Md.1974), *rev'd* 530 F.2d 590, 44 U.S.L.W. 2382 (4th Cir. 1976).

Defendant claims that plaintiff's complaint does not sufficiently state a claim upon which relief can be granted. Specifically, defendant asserts that the complaint does not show on its face that the procedural requirements of § 706 of Title VII have been complied with. However, in *EEOC v. Standard Forge & Axle Co.*, 496 F.2d 1392, 1393 (5th Cir.), *cert. den.* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1974), the court found that " 'In pleading the performance or occurrence of conditions precedent [to obtaining relief under Title VII], it is sufficient to aver generally that all conditions precedent have been performed or have occurred.' " The court concludes that this broad requirement in pleading has been met.

Defendant also maintains that the complaint should be dismissed for being too vague, stating in part that there is no indication in the complaint that it is based on the charge filed by Valerie Schwartz. Vagueness, however, is not a ground for dismissing an action. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1969).

For the foregoing reasons, defendant's motion to dismiss or, in the alternative, for summary judgment is hereby DENIED.

Defendant again raises the vagueness argument in its motion for a more definite statement. However, it appears from defendant's brief that it is well aware that the complaint filed herein flows from Schwartz's charge concerning her dis-

charge, and any uncertainty as to specific facts may be eliminated through the use of discovery. *Mitchell v. E–Z Way Towers, Inc., supra*, at 131. Therefore, defendant's motion for a more definite statement is DENIED.

Finally, the defendant expresses concern over the inclusion in the complaint of allegations concerning discriminatory practices dating back to July 2, 1965, and has moved to strike those allegations. Defendant argues that there can be no recovery for discriminatory acts occurring more than 180 days before the charge was filed in this case, 42 U.S.C. § 2000e–5(e). Defendant also claims that the Commission may not litigate any matters not alleged in the aggrieved party's charge and which were not the subject of conciliation efforts. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). However, plaintiff only seeks relief for the discharge of the charging party on March 19, 1972, which the EEOC claims was prompted by her protests against discriminatory employment practices on the part of the defendant and which defendant admits was the subject of conciliation efforts. Proof as to any previous acts of discrimination would obviously be relevant to this claim although it would not in itself form the basis for any recovery. Accordingly, defendant's motion to strike is DENIED. Fed.R.Civ.P. 12(f).

In summary, the court DENIES defendant's motion to dismiss or, in the alternative, for summary judgment, its motion for a more definite statement, and its motion to strike.