**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff-Appellant,**

v.

**GUARANTY SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.**

**No. 74–1795.**

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1977.

Rehearing Denied Dec. 5, 1977.

Abner W. Sibal, Washington, D. C., Milton C. Branch, Reg. Atty., Johnnie L. Johnson, Jr., Asst. Reg. Atty., E. E. O. C., Atlanta Reg. Litigation Center, Atlanta, Ga., Margaret C. Poles, Beatrice Rosenberg, Charles L. Reischel, Beth L. Don, E. E. O. C., Washington, D. C., for plaintiff-appellant.

James P. Alexander, John J. Coleman, Jr., Evans Dunn, Dunn, Porterfield, Scholl & Clark, Birmingham, Ala., for defendant-appellee.

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT *, District Judge.

PER CURIAM:

The district court granted summary judgment for the defendant in this Title VII action on two distinct procedural grounds: untimeliness and the inadequacy of the notice that the plaintiff Equal Employment Opportunity Commission gave to the defendant before filing suit. We reverse.

I. Facts

On April 9, 1970, three blacks filed charges with the EEOC alleging that Guaranty Savings and Loan Association had refused because of race to consider their applications for employment. On December 23, 1971, the Commission rendered its decision on the charges. It found that Guaranty Savings, which had just over 40 employees, had refused to hire the charging parties not because of race but because it had no openings. Thus the Commission concluded that there was no reasonable cause to believe Guaranty Savings had engaged in unlawful practices with respect to those individuals. The Commission also determined, however, that Guaranty Savings' pattern of employment of blacks and whites and its use of a high school requirement and arrest records produced reasonable cause to believe Guaranty Savings had engaged in unlawful employment practices with respect to blacks as a class.

On May 30, 1972, the EEOC communicated by telephone with Guaranty Savings' attorney, John J. Coleman, Jr. Coleman informed the EEOC that any attempt at conciliation would be futile. Neither the EEOC nor Guaranty Savings undertook any further conciliation efforts.

* Senior District Judge of the Southern District of New York, sitting by designation.

On June 27, 1972, the Commission issued a "right to sue" letter to the individuals who brought the original charges. The Commission simultaneously wrote to Guaranty Savings' attorney:

> This is to advise you that since the Commission has been unable to obtain voluntary compliance with Title VII of the Civil Rights Act of 1964 in the captioned case, the notice of right-to-sue was issued to one of the Charging Parties in compliance with her request and in accordance with Commission Regulations. Enclosed is a copy of the notice.
>
> We regret that a satisfactory settlement was not reached.

The Commission enclosed a copy of the right-to-sue letter. The charging party never filed suit. The EEOC brought this action on April 16, 1973.

## II. Timeliness

■ The district court held the EEOC's complaint untimely because not filed within 180 days of the administrative charge. Intervening decisions have squarely rejected that view. *Occidental Life Insurance Co. v. EEOC,* — U.S. ——, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *EEOC v. Louisville & Nashville RR. Co.,* 505 F.2d 610 (5th Cir. 1974), *cert. denied,* 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). The EEOC need not file suit within 180 days; this action was timely filed.

## III. Notice

At issue with respect to Guaranty Savings' notice defense are two regulations. The first, 29 C.F.R. § 1601.23, provides:

> Should a respondent fail or refuse to confer with the Commission or its representative, or fail or refuse to make a good faith effort to resolve any dispute, the Commission may terminate its efforts to conciliate the dispute. In such event, the respondent shall be notified promptly, in

writing, that such efforts have been unsuccessful and will not be resumed except upon the respondent's written request within the time specified in such notice.

The second regulation, 29 C.F.R. § 1601.25, provides in part:

> In any instance in which the Commission is unable to obtain voluntary compliance . . . it shall so notify the respondent, . . . the aggrieved person [and others].

The letter that the EEOC sent Guaranty Savings on June 27, 1972, constituted the § 1601.25 notice. The Commission did not send a § 1601.23 notice.

■ Although we cannot condone the agency's failure to abide by its own regulation, sound reasoning and established precedent indicate that that failure does not preclude the EEOC from maintaining this suit. The § 1601.25 notice explicitly informed Guaranty Savings of the failure of conciliation and made clear that the scene of action might soon shift to the judicial arena. Had Guaranty Savings desired to resume conciliation and to delay the onset of litigation, it would surely have known from the notice that it should contact the Commission. A § 1601.23 notice would have provided no additional information that would have played any significant role in subsequent events.[1] Guaranty Savings had every opportunity to seek voluntary conciliation. Having failed to avail itself of that alternative, it cannot now complain of being hailed to federal district court. At least absent an affirmative showing of prejudice—an unlikely possibility in these circumstances—when the EEOC sends a respondent a § 1601.25 notice, its subsequent lawsuit may not be dismissed for failure also to provide a § 1601.23 notice. *See EEOC v. Louisville & Nashville RR. Co.,* 505 F.2d 610, 617 (5th Cir. 1974), *cert. denied,* 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975); *EEOC v.*

---

1. A § 1601.23 notice would have indicated that Guaranty Savings should commit to writing any request to resume negotiations, but Guaranty Savings made no such request, written or otherwise. The notice would also have set a time limit for resuming conciliation efforts, but in the absence of the notice no such limitation was in effect. Guaranty Savings does not contend that imposing a time limit would have brought to bear sufficient pressure to cause it to relent and to resume negotiations.

*Raymond Metal Products Co.,* 530 F.2d 590, 595–97 (4th Cir. 1976); *EEOC v. Laclede Gas Co.,* 530 F.2d 281, 283–85 (8th Cir. 1976); *see also EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352, 1360–61 (6th Cir.), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975).[2]

On remand the district court should determine whether the employer received notice, formal or informal, from EEOC that it was ending conciliatory efforts with respect to the substance of the charges embodied in the Commission's complaint before the district court.

REVERSED and REMANDED.

**2.** Guaranty Savings attempts to distinguish our brief treatment of this issue in *Louisville & Nashville* on the grounds that in that case the employer entered conciliation efforts which proved unsuccessful whereas in the case at bar the employer refused to participate in negotiations at all. Thus, says Guaranty Savings, § 1601.23 did not apply in the Louisville & Nashville situation; that section applies only when the respondent "fail[s] or refuse[s]" to confer with the Commission.

We reject the proffered distinction. Guaranty Savings suggests no reason why a totally recalcitrant respondent should enjoy a procedural advantage over one who enters negotiations that are unsuccessful. We do not believe we had any such distinction in mind when we said in *Louisville & Nashville* that the § 1601.25 notice was "completely adequate." 505 F.2d 617. Moreover, Guaranty Savings' argument, even if accepted, would not serve to distinguish the other decisions cited in the text; particular note is Judge Butzner's persuasive opinion in *Raymond Metal.*