EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

APPLETON ELECTRIC COMPANY, and International Brotherhood of Electrical Workers, Local Union No. 1031, AFL–CIO, Defendants.

No. 79 C 1618.

United States District Court, N.D. Illinois, E.D.

April 14, 1980.

---

17. *See* footnote 2, *supra*.

Francine Soliunas, Equal Employment Opportunity Commission, Chicago, Ill., for plaintiff.

Jay A. Canel, Don E. Glickman, Rudnick & Wolfe, Edwin H. Benn, Asher, Goodstein, Pavalon, Greenfield & Siegall, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On May 5, 1977, Arthur Shelley filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging his employer, Appleton Electric Company ("Appleton") with racial discrimination and his union, International Brotherhood of Electrical Workers, Local Union No. 1031, AFL–CIO ("Union"), with inadequate representation.[1] During its investigation of these allegations, EEOC received a letter from Shelley which was construed as a re-

quest for a right to sue letter. EEOC issued a right to sue letter on January 24, 1978, which gave Shelley 90 days in which to file his own lawsuit, 42 U.S.C. § 2000e–5(f)(1),[2] and also terminated further investigation by EEOC, 29 C.F.R. 1601.28(c).[3] Upon receipt of this notice, Shelley immediately objected to the EEOC's action but did not file suit within 90 days.

EEOC notified both Appleton and the Union on March 15, 1978, that an on-site investigation would be conducted. The Union brought to EEOC's attention the fact that the investigation had been closed in January at the time the right to sue letter had been issued. Nevertheless, EEOC requested certain documents and asked that certain officials of defendants be made available for interviews and both defendants fully cooperated in these requests. On June 9, 1978, EEOC formally notified defendants that the investigation had been reopened. A letter of determination on the charges was issued by EEOC on June 19, 1978. All efforts at conciliation failed on October 19, 1978, and EEOC subsequently filed this lawsuit on April 20, 1979.

Presently pending before the Court is defendants' joint motion for summary judg-

---

1. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 451, 1343, and 1345. EEOC is authorized to bring the action pursuant to § 706(f)(1), (3), and (g) of Title VII of the 1964 Civil Right Act, as amended, 42 U.S.C. § 2000e et seq.

2. Section 706(f)(1) provides in relevant part:
    If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent . . . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not

entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

    * * * * * *

3. Section 1601.28(c) provides:
    (3) Issuance of a notice of right to sue shall terminate further processing of any charge not a commissioner charge unless the Director of the Office of Field Services, the Director of the Office of Systemic Programs, the appropriate District Director, or the general counsel, determines at that time or at a later time that it would effectuate the purposes of Title VII to further process the charge. Issuance of a notice of right to sue shall not terminate the processing of a commissioner charge.

ment. There are no issues of material fact underlying the issues which have been raised for the Court's consideration. The first question is whether the present suit by EEOC is barred by reason of Shelley's failure to file his own suit within 90 days of the issuance of the right to sue letter. The second issue is whether EEOC's failure to comply with its own regulations also bars this suit.

### EEOC's RIGHT OF ACTION

[1] Under § 706(f)(1) of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e–5(f)(1),[4] certain procedures are to be followed once a complaint has been lodged with EEOC. Neither EEOC nor the individual complainant may file a civil action within 30 days after the charge has been filed. This time period permits EEOC to attempt to conciliate the claim. Even if an agreement acceptable to EEOC cannot be attained during this time period, the complainant still cannot file a suit for another 150 days. However, EEOC is free to file suit at any time after the initial 30 days. If EEOC has failed to act within 180 days of the filing of the charges, it will notify the complainant of a right to sue or the complainant can request a right to sue letter.[5]

Defendants argue that since Shelley requested and received a right to sue letter but failed to institute a civil action within 90 days thereafter, both Shelley and EEOC have lost the right to sue. In this regard, defendants assert that the present EEOC action is on behalf of Shelley himself and no public interest is involved. Therefore, defendants argue to permit this suit would allow a private party who had lost his right to sue by failing to file a timely action to accomplish the same by intervening in a

suit brought by the EEOC on his behalf. *Equal Employment Opportunity Commission v. C. & D. Sportswear Corp.*, 398 F.Supp. 300, 304 (M.D.Ga.1975).

Section 706(f)(1) contains no time limitations as to EEOC's right to sue. The Supreme Court expressly found that nothing in § 706(f)(1) indicates that EEOC enforcement powers cease if the complainant decides to leave the case in the hands of the EEOC rather than to pursue a private action.

In short, the literal language of § 706(f)(1) simply cannot support a determination that it imposes a 180-day time limitation on EEOC enforcement suits. On the contrary, a natural reading of § 706(f)(1) can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so. After waiting for that period, the complainant may either file a private action within 90 days after EEOC notification or continue to leave the ultimate resolution of his charge to the efforts of the EEOC.

*Occidental Life Insurance Company of California v. Equal Employment Opportunity Commission*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977).[6]

Defendants contend that section 706 should be construed otherwise in this case since Shelley requested the right to sue letter. The Court is not persuaded by this contention. First, the undisputed facts in this case indicate that Shelley was not requesting such a letter and that one was issued in error. Second, there is no lan-

---

4. *See* note 2, *supra*.

5. EEOC also may dismiss the claim sooner than 180 days if no reasonable cause to believe the charges are true is found. The complainant then has 90 days from the date of the dismissal to file suit.

6. The Supreme Court in *Occidental* also found that this interpretation was supported by legislative history:

The legislative history of § 706(f)(1) thus demonstrates that the provision was intended to mean exactly what it seems to say: An aggrieved person unwilling to await the conclusion of extended EEOC proceedings may institute a private lawsuit 180 days after a charge has been filed. The subsection imposes no limitation upon the power of the EEOC to file suit in a federal court.
432 U.S. at 366, 97 S.Ct. at 2454.

guage in the statute to support the strained distinction between a request by a complainant for a right to sue letter and EEOC notification of the expiration of the 180-day period. Finally, the statute clearly limits the time during which a complainant may file suit but imposes no such limitation on the EEOC.[7] The Court cannot read into section 706 a time limitation on the EEOC given the express time provisions found elsewhere in that statute. If Congress had intended to so limit the EEOC, it easily could have done so.[8]

### FAILURE TO COMPLY WITH REGULATIONS

■ 29 C.F.R. § 1601.28(c) basically provides that issuance of a right to sue letter automatically terminates processing of a charge brought by a complainant. The only exceptions are when the charge is brought by a member of EEOC or when the District Director determines at some point that further processing would effectuate the purposes of Title VII.[9] Defendants argue that EEOC violated this regulation by continuing the investigation after a right to sue letter had been issued and by failing to state the reasons for reopening the investigation. Neither of these reasons bar EEOC from maintaining this action.

The regulation gives the District Director the right to reopen an investigation if he determines that the purposes of Title VII would be effectuated. No official notice of this decision is required. Nevertheless, while the letter of June 9, 1978, by the District Director does constitute formal notice, the on-site investigation in March put defendants on notice that the investigation had been reopened.

■ In addition, the statute does not require that a District Director state his reasons for reopening an investigation. This type of practice was held improper by the Supreme Court in *Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 999, 82 L.Ed. 1129 (1938). Administrative officials are required to explain their decisions only upon a strong showing of bad faith or improper behavior. *City of Des Plaines v. The Metropolitan Sanitary District of Chicago*, 552 F.2d 736, 740 (7th Cir. 1977). No such showing has been made herein.

■ Moreover, administrative agencies can relax or modify internal procedural rules when justice so requires. *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 538–539, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547 (1970). The mere failure to abide by regulations in itself is not enough to preclude a suit by an administrative agency such as EEOC. *Equal Employment Opportunity Commission v. Guaranty Savings and Loan Association*, 561 F.2d 1135, 1137 (5th Cir. 1977). Although an administrative agency cannot act capriciously or ignore required regulations, *Equal Employment Opportunity Commission v. Airguide Corporation*, 539 F.2d 1038 (5th Cir. 1976), substantial compliance with regulations in a given case will be sufficient and not reviewable absent an affirmative showing of substantial prejudice to the affected party. *American Farm*, 397 U.S. 541, 90 S.Ct. 1293; *Guaranty Savings*, 561 F.2d at 1137; *Airguide*, 539 F.2d 1038.

Although the Union did direct EEOC's attention at the time of the on-site investigation to the fact that the investigation had been closed pursuant to the issuance of the

---

**7.** Defendants rely on *Equal Employment Opportunity Commission v. C. & D. Sportswear Corporation*, 398 F.Supp. 300, 304 (M.D.Ga. 1975), for the proposition that the EEOC is barred by this 90-day limit. The Court finds the reasoning of this opinion unpersuasive. *See Equal Employment Opportunity Commission v. Metropolitan Atlanta Girls' Club, Inc.*, 416 F.Supp. 1006, 1010 (N.D.Ga.1976).

**8.** "It would appear, then, that the purpose behind the 90-day time limitation on private ac-

tions was to give the EEOC a clear indication, within a reasonably short period of time, as to whether the aggrieved party would in fact initiate suit on his own. It seems likely that it was not intended to limit the time within which the EEOC itself could file suit." *Atlanta Girls' Club*, note 7, *supra*, at 1009–1010.

**9.** *See* note 3, *supra*, for the complete text of the regulation.

right to sue letter, there is no evidence of detrimental reliance by defendants on the regulation nor has there been a showing of substantial prejudice. The record clearly indicates that defendants were fully aware that EEOC had reopened its investigation back in March, 1978. Defendants have suffered no prejudice as a result of the delay in issuing the formal notice.

For the foregoing reasons, defendants' motion for summary judgment is denied.