**Leslie Carlyle BROWN, Plaintiff,**

v.

**James LEDBETTER, personally and as Commissioner of the Georgia Department of Human Resources, Charles E. Storm, personally and as Commissioner to the State Merit System of Personnel Administration, John Dierkes, Martha Meyer, personally and as Director of Personnel Services of the Georgia Department of Human Resources, Reese E. Theus, personally and in his capacity as Hearing Officer, State Merit System of Personnel Administration, and W. Douglas Skelton, M.D., Defendants.**

**Civ. A. No. C81–647A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 29, 1983.

Paul H. Kehir, Atlanta, Ga., for plaintiff.

Verley J. Spivey, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This case is before the court on defendants' motion for summary judgment. The plaintiff is an employee of the Georgia Department of Human Resources, and alleges that he was improperly classified and denied procedural and property rights in vio-

lation of the Fourteenth Amendment of the United States Constitution, federal law at 42 U.S.C. § 1983 and 42 U.S.C. §§ 4701, *et seq.,* state law at *Ga.Code Ann.* §§ 40–2201, *et seq.,* and the Rules and Regulations of the State Personnel Board §§ 4.100, *et seq.*

Factually, the plaintiff maintains that he has been misclassified at a level that denies equal pay for equal work. The alleged misclassification took place in 1978, when defendants Dierkes and Meyer, apparently acting on behalf of the Personnel Services Section of Human Resources, forwarded a recommendation to the Merit System. Plaintiff apparently communicated his disagreement with the recommendation, and by letter dated July 11, 1978, the plaintiff was notified that an action on his grievance was pending. By letter dated August 3, 1978, plaintiff was notified that he had been classified as a Health Program Consultant, rather than as a Manager, the classification he claims is warranted. Plaintiff appealed this action by letter dated August 21, 1978, but was denied a hearing by defendant Theus, a hearing officer for the State Personnel Board. The letter to that effect is dated August 23, 1978, and the grounds for denial of appeal appear to be an untimely action based on the July 11 notice, and lack of "pecuniary affect" since plaintiff's pay was increased by the classification. Plaintiff's next appeal to defendant Storm, as Commissioner of the Merit System, was also unsuccessful. On September 21, 1978, plaintiff filed his petition for judicial review in the state court and reserved his right to litigate federal claims arising under the laws and Constitution of the United States. Plaintiff has stated that those claims were not litigated in state court. This action was instituted on April 8, 1981.

By order of March 4, 1982, the court dismissed plaintiff's claim for back pay under 42 U.S.C. § 1983 as being time-barred by the two year statute of limitations in *Ga.Code Ann.* § 3–704. The court also directed the parties to submit supplemental briefs addressing plaintiff's right to adequate relief under § 1983. Both parties have since responded.

## MOTION FOR SUMMARY JUDGMENT

### A.  *Property Interest*

■ Defendants contend that there is no violation of plaintiff's Fourteenth Amendment rights because plaintiff has failed to show any infringement of a property interest in a promotion. Plaintiff, on the other hand, argues that state law, *Ga.Code Ann.* §§ 40–2201 *et seq.,* and the *Rules and Regulations of the State Personnel Board,* §§ 4100, *et seq.,* create a "mutually recognizable entitlement" by providing that the plaintiff would be classified in the appropriate position according to the same type of work performed which was specified in the job specifications. Plaintiff thus contends that he performed the same type of work as specified in the job specifications for Human Services Program Manager and that he should be classified as such.

At the outset, the court notes that defendants contend that plaintiff does not have a property interest in a promotion. While an employee may not have a property interest in a promotion, that is not the issue at bar. The issue is whether plaintiff was misclassified. The testimony from the various depositions appears to show that plaintiff was performing essentially the same duties and responsibilities as those in the job specification of Human Services Program Manager, yet plaintiff was classified in the lower position of Health Program Consultant.

It is well settled that an interest attains the status of "property" by virtue of the fact that it has been initially recognized and protected by federal or state rules of law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). It is also well established that a mutually recognizable entitlement will receive constitutional protection. *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

In determining whether plaintiff has a "property interest" in being classified as

Human Services Program Manager, the court must consider the relevant state law and regulations. *Ga.Code Ann.* § 40–2201 provides:

(a) It is the purpose of this Chapter to establish in the State a system of personnel administration based on merit principles and scientific methods governing the classification of positions and the employment, conduct, movement and separation of public officers and employee. . . .

(b) In order to achieve these purposes, it is the declared policy of the State that the Merit System hereby established be applied and administered in accordance with the following principles:

.    .    .    .    .

(4) Reasonable job security for the competent employee, including the right of appeal from adverse personnel actions.

(5) Systematic classification of all positions through adequate job evaluation.

.    .    .    .    .

*See also* ¶ 4.701 of the *Rules and Regulations of the State Personnel Board* which states:

Every position existing when these rules take effect or hereafter authorized or created shall be allocated to the appropriate class by the Commissioner who shall consult with the department heads and take their recommendations into consideration in making the decision. Each department shall be notified of the allocation. Allocations shall be reviewed periodically by the Commissioner to insure consistency in the application to the classification plan. Positions shall be reallocated to appropriate classes when the Commissioner deems that duties and responsibilities justify such action. As existing classes are abolished or revised or additional classes are established, allocations or reallocations necessitated thereby shall be made to the new or existing classes. Any employee pecuniarily affected by such changes may request the Board to review the allocation or reallocation.

Finally, ¶ 4.702 provides:

Those positions which are substantially similar with respect to difficulty, responsibility, degree of supervision required and exercised, character of work required, and generally the same kind and amount of training and experience for proper performance and which merit approximately equal pay, shall be allocated to the same class.

Based on a careful reading of *Ga.Code Ann.* §§ 40–2201 *et seq.* and Rules 4 and 14 of the *Rules and Regulations of the State Personnel Board,* the court concludes that this statute and these rules create a mutually recognizable entitlement, and that plaintiff was entitled to a reasonable expectation that where he performed the duties and responsibilities of a Human Services Program Manager, he would be classified as such and would receive an increase in benefits and pay in accordance with this classification. *See Winkler v. County of DeKalb, et al.,* 648 F.2d 411 (5th Cir.1981).

For the foregoing reasons, the court concludes that plaintiff has a "property interest" which is protected under the Fourteenth Amendment.

B. *The Intergovernmental Personnel Act*

In his complaint, plaintiff alleges that defendants violated the Intergovernmental Personnel Act (hereinafter the "Act"), 42 U.S.C. §§ 4701 *et seq.* and its departmental personnel regulations, 5 C.F.R. §§ 900 *et seq.*, by denying him his right to an appropriate and correct classification as Human Services Program Manager.

Defendants contend that plaintiff is not entitled to assert a claim under the Act since he is not covered by the Act and since there is no private cause of action under the Act. Plaintiff argues that the Act is made applicable to all classified employees of the Georgia State Merit System through *Ga. Code Ann.* § 40–2205(b)(3)(i) and § 40–2205(b)(4). Plaintiff claims that this law gives him a private cause of action.

This court disagrees with plaintiff's contention that there is a private cause of action under the Act. 5 C.F.R. § 900.609–

1(a)(1) states that the standards for a merit system promulgated under the Act are applicable "to all State and local personnel engaged in the administration of grant-in-aid and other intergovernmental programs under federal laws and regulations requiring the establishment and maintenance of personnel standards on a merit basis."

The evidence shows that the program which plaintiff administers does receive federal funds, however, said program is not specified in the regulations. See 5 C.F.R. § 900, App. A. While plaintiff's position might be covered under the Act, nowhere in the Act does it provide for a private remedy. Thus, the court must consider whether a private cause of action is implied.

In *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), the Supreme Court stated the criteria for determining whether a private remedy is implicit in a statute not expressly providing one. The factors are: (1) is plaintiff one of the class for whose special benefit the statute was enacted? (2) is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? (3) is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff? and (4) is the cause of action one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law? Since 1975 the Supreme Court has substantially modified the four-factor *Cort* test, and has indicated that the sole decisive factor is factor # 2—whether there is an indication of legislative intent to create a private remedy. See *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Texas Industries, Inc. v. Radcliffe Materials, Inc.,* 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *Transamerica Mortgage Advisers, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Reddington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).

Furthermore, in *Local Division 732, Amalgamated Transit Union v. Metropoli-* tan *Atlanta Rapid Transit Authority,* 667 F.2d 1327, 1334–1335 (11th Cir.1982), the Eleventh Circuit stated:

> This court has taken to heart the restrictive mandate of the Supreme Court. We have articulated principles of decision for implied right of action cases which appropriately guide our consideration of the jurisdictional question before us. If we are to conclude that Congress meant more than it said when it enacted a statute, we must do so on the basis that Congress actually *intended* to legislate as we infer. *See, e.g., United States v. Capeletti Brothers, Inc.,* 621 F.2d 1309, 1312, 1313 (5th Cir.1980); *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074, 1078 (5th Cir.1980). The issue is not whether, on balance, advocates of judicial remedies have a better case than opponents, but whether we can find a legislative intent to recognize a federal judicial remedy. *Noe [v. Metropolitan Atlanta Rapid Transit Authority],* 644 F.2d [434] at 439. In order for us to infer a private right of action, or federal jurisdiction, we must have before us clear evidence that Congress intended to provide such a remedy, *Rivers v. Rosenthal & Co.,* 634 F.2d 774, 783 (5th Cir.1980), and if the legislative history provides no clear indication one way or the other, so that clear evidence of affirmative congressional intent is lacking, we cannot infer that Congress has legislated silently. *Id.* at 792.

See 667 F.2d at 1334–1335.

This court must follow the mandates of the Supreme Court and the Eleventh Circuit, and in considering the factor of legislative intent, the court finds no clear affirmative evidence that the legislative intent of Congress was to create a private cause of action. Accordingly, plaintiff's claims under the Intergovernmental Personnel Act and its regulations are DISMISSED.

C. *Quasi-Judicial Immunity*

As another ground of defendants' motion for summary judgment, defendants Theus and Storm contend that they are absolutely immune from suit because they were per-

forming quasi-judicial functions. Plaintiff asserts that defendant Theus went beyond his authority and that defendant Storm was not performing any quasi-judicial function and thus they should not be granted absolute immunity.

As to defendant Theus, plaintiff's contention that he exceeded his authority in dismissing plaintiff's appeal *sua sponte* is immaterial since defendant Theus, as an administrative hearing officer was performing a judicial act. Thus, defendant Theus is absolutely immune from suit and this action must be DISMISSED against him. *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Jackson v. Bridges*, C81–1874A (N.D.Ga. July 1, 1982).

Defendant Storm, on the other hand, was never performing a quasi-judicial function. Defendant Storm testified that his duties as Merit System Commissioner were to administer the *Rules and Regulations of the State Personnel Board* and to administer the classified Merit System on a statewide basis. He further stated that he had no authority to reverse any of the decisions of the hearing officer. That fact is true. Only the Board has the authority to review the decisions of a hearing officer. *Ga.Code Ann.* § 40–2207.1(e)(1). Thus, defendant Storm is not entitled to absolute immunity.

Defendant Storm's other argument that plaintiff's complaint as to him fails to state a claim upon which relief could be granted because defendant Storm has no authority to reverse the decision rendered by defendant Theus is without merit. The fact that defendant Storm has no authority to reverse the decisions of the hearing officer has already been established. However, defendant Storm, as Merit System Commissioner, does have the authority to allocate positions to the appropriate class and is to consult with department heads and to take their recommendations into consideration in making that decision. Further, the Commissioner's duty is to review the allocations periodically to insure consistency in the application of the classification plan. *See Rules and Regulations of State Personnel Board* ¶ 4.701. While defendant Storm testified at his deposition and his letter of September 8, 1978 evidences that he authorized a review of plaintiff's classification, there exists a question of fact regarding the review procedure under defendant Storm's authority.

Fed.R.Civ.P. 56(c) provides that a summary judgment should only be entered if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Casey Enterprises v. American Hardware Mutual Insurance Co.*, 655 F.2d 598, 601–602 (5th Cir.1981). The burden of demonstrating no actual dispute is on the movant, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and "all reasonable doubts about the facts must be resolved in favor of the non-moving litigant." *Casey Enterprises v. American Hardware Mutual Insurance Co., supra*, at 602. For the foregoing reasons, defendants' motion for summary judgment on this ground is DENIED.

D. *Doctrine of Respondeat Superior*

Defendants contend that plaintiff has sought relief against the Commissioner of the Department of Human Resources (defendant Edwards), now substituted by defendant James Ledbetter, the former Commissioner of the Department of Human Resources (defendant Skelton) and the Merit System Commissioner (defendant Storm) for alleged acts taken by their subordinates. Defendants claim that the doctrine of respondeat superior is inapplicable to these defendants in a civil rights action without some affirmative act on their part, and therefore the complaint fails to state a claim against them under which any relief can be granted.

First, it has already been established that defendant Storm did an affirmative act. He authorized a review of plaintiff's classification and made the final decision not to reallocate plaintiff's position, stating that plaintiff had been properly classified. Thus, this argument as to defendant Storm is meritless.

Second, the court is in agreement with defendants that the doctrine of respondeat superior is inapplicable to a § 1983 action. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The issue, though, is not whether defendants Skelton and Edwards are liable for the acts of their subordinates, because clearly they are not, but whether they each did some affirmative act to deprive plaintiff of his constitutional rights. Inaction may be considered an "affirmative" act under certain circumstances.

Plaintiff testified at his deposition that he wrote letters to defendants Skelton and Edwards who responded by letter and who refused or otherwise declined to take any action to correct the alleged misclassification. The question before the court is whether such inaction was mere negligence, which would be insufficient to constitute a violation by a supervisory official under § 1983, as opposed to gross negligence, recklessness, or deliberate indifference which might be the proximate cause of the violation. *See Bowen v. Watkins,* 669 F.2d 979 (5th Cir.1982). This is a question of fact for the jury. Therefore, defendants' motion for summary judgment on this ground is DENIED.

E. *Statute of Limitations*

■ By Order of March 5, 1983, the court stated that it appeared that plaintiff's § 1983 claim for back pay was barred by the applicable two year statute of limitations in *Ga.Code Ann.* § 3–704 since plaintiff's cause of action accrued at the time of the last discriminatory act which was August 3, 1978, and plaintiff did not file this lawsuit until April 8, 1981.

Plaintiff, in its supplemental statement of material facts, filed July 19, 1982, has provided the court with additional information regarding his pursuit and exhaustion of state administrative remedies. Plaintiff now asks the court to reconsider its decision regarding his claim for back pay under 42 U.S.C. § 1983.

The court finds that the last discriminatory act occurred on August 3, 1978, and on that date this cause of action accrued. Plaintiff states that on September 22, 1978 plaintiff began to pursue his state administrative remedies as required by *Patsy v. Florida International University,* 634 F.2d 900, 912 (5th Cir.1981).[1] On that date plaintiff timely filed a petition for judicial review in the Superior Court of Fulton County. By Order of June 9, 1980 Judge Charles Wofford affirmed the decision of the State Personnel Board. On July 9, 1980 plaintiff timely filed a petition with the Georgia Court of Appeals for an order granting leave to appeal. Said petition was denied on July 31, 1980. On August 8, 1980, plaintiff timely petitioned the Georgia Supreme Court for a writ of certiorari. Said petition was denied on September 17, 1980. On April 8, 1981, plaintiff filed this action.

Upon review of this information, the court must now determine whether the two year statute of limitations was tolled while plaintiff pursued his state administrative remedies. This action is analogous to a case brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 *et seq.,* wherein all administrative remedies with the Equal Employment Opportunity Commission (hereinafter "EEOC") must be exhausted before the plaintiff can proceed in federal court. In such cases the statute of limitations is tolled once the plaintiff files his charge with the EEOC and until the final disposition is made by the EEOC. *Equal Employment Opportunity Commission v. Metropolitan Girls' Club, Inc.,* 416 F.Supp. 1006 (N.D.Ga.1976); *Freeman v. Motor Convey, Inc.,* 409 F.Supp. 1100 (N.D. Ga.1975).

Since the Fifth Circuit[2] at the time of this action required as a prerequisite to filing a § 1983 action in federal court that a plaintiff first exhaust his state administrative remedies, the court concludes that the two year statute of limitations was tolled

---

1. In *Patsy,* the Court stated that adequate and appropriate state remedies must be exhausted, as a procedural matter, before a § 1983 action is permitted to proceed in federal court.

2. Decisions handed down by the Fifth Circuit prior to October 1, 1981 are made binding on the Eleventh Circuit by *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

from the date plaintiff began to pursue his state administrative remedies until the date of the final decision of the Georgia Supreme Court. Since this action was filed within two years after the statute of limitations began to run again, plaintiff's claim for back pay under § 1983 is not time-barred.

Defendants also argue that the claims against defendants Dierkes, Edwards, and Skelton should be dismissed since they no longer work for the State Merit System. This request is DENIED since plaintiff may still be entitled to recover damages against these defendants.

## CONCLUSION

It is hereby ORDERED that defendants' motion for summary judgment is GRANTED as to plaintiff's claim under the Intergovernmental Personnel Act, and that their motion is GRANTED as to defendant Theus on the doctrine of quasi-judicial immunity. Defendant Theus is hereby DISMISSED from this action. It is further ORDERED that defendants' motion for summary judgment on all other grounds is DENIED.

The parties are hereby DIRECTED within thirty (30) days from the entry of this order to file a consolidated pretrial order. This action will be placed on the next available trial calendar.