450 F.Supp. 792 (1978)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant.
No. 76-351C(1).
United States District Court, E. D. Missouri, E. D.
February 27, 1978.
*793 Blanche M. Manning, EEOC, Chicago, Ill., Gretchen D. Huston, Dist. Counsel, EEOC, St. Louis, Mo., for plaintiff.
John R. Musgrave, Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on various motions of both parties. The Court will first address the defendant's motion for summary judgment for the reason that the disposal of that motion will render all other motions moot.
This lawsuit was commenced on April 21, 1976, by the Equal Employment Opportunity Commission (EEOC) after it had previously *794 received formal complaints from two former employees of defendant. Under 42 U.S.C. § 2000e-5(f)(1), the EEOC is empowered to bring a civil action to redress employment discrimination.
In its complaint, plaintiff alleges that defendant has intentionally engaged in unlawful employment practices at the St. Louis, Missouri, facility in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Plaintiff specifically avers that defendant has failed to hire blacks; failed to promote blacks; engaged in discriminatory practices, which have a "disparate" effect on blacks; unlawfully discharged employees on the basis of race; and failed to grant blacks equal terms and conditions of employment.
Plaintiff's prayer for relief requests a permanent injunction enjoining defendants from further discriminating employment practices, an order for affirmative action to compensate for past discrimination, and an award of back pay to those persons adversely affected by defendant's alleged illegal practices.
Defendant's answer denies that it has engaged in unlawful employment practices and further states that plaintiff is barred from bringing this action by due process, laches, and the Administrative Procedure Act (APA), 5 U.S.C. § 706, et seq., because of unreasonable delay.
The Court will now address defendant's motion for summary judgment filed on July 15, 1977. In this motion, the defendant avers that the answers to interrogatories, depositions, pleadings, and exhibits demonstrate that plaintiff should be barred from asserting its charges, because the EEOC waited almost five years after filing of charges to bring this suit in violation of the due process clause of the Fifth Amendment of the Constitution, the APA, and the doctrine of laches.
The Court will sustain defendant's motion for the reason it finds plaintiff barred by laches and the APA.
The Court will now set out pertinent facts which are relevant to the motion:
(1) Ronald Stiles was fired by defendant on July 28, 1971, for unexcused absences;
(2) Stiles filed a charge with the EEOC on September 7, 1971, alleging his discharge was a result of racial prejudice;
(3) Not until February 7, 1973, did defendant receive the EEOC's "determination" letter;
(4) On February 14, 1973, the EEOC assigned a worker to conciliate this case;
(5) In May of 1973 Stiles, through the EEOC, communicated an offer to defendant;
(6) Defendant rejected this offer on May 9, 1973, by making a counter-offer;
(7) Stiles rejected defendant's offer;
(8) No written notice of termination of conciliation efforts was issued by plaintiff to defendant until October 28, 1975;
(9) No right-to-sue letter was given Stiles;
(10) Gregory Johnson quit defendant on August 28, 1972;
(11) Johnson filed a charge with the EEOC on September 15, 1972;
(12) On September 25, 1973, the EEOC issued a determination letter;
(13) Conciliation efforts took place in November of 1973;
(14) On January 21, 1974, Johnson was given a right-to-sue letter;
(15) On January 21, 1974, defendant was notified that conciliation was terminated;
(16) On April 21, 1976, the EEOC filed suit against defendant.
Although the EEOC is not restricted by any rigid statutory time limits in bringing its actions, its enforcement powers are, nonetheless, limited by traditional equitable notices and the APA, 5 U.S.C. § 706. EEOC v. American Nat. Bank, 420 F.Supp. 181 (E.D.Va.1976); EEOC v. Exchange Security Bank, 529 F.2d 1214 (5th Cir. 1976); EEOC v. Moore Group, Inc., 416 F.Supp. 1002 (N.D.Ga.1976).
In order that the EEOC may file suit to redress employer wrongs to the public interest, there must first have been a charge filed with it by an alleged victim of discrimination, or by a member of the *795 EEOC. 42 U.S.C. § 2000e-5. This charge is the genesis of the investigation. The date of the original filing of the charge is the focal point in determining a reasonable time in which the EEOC may bring charges.
Fundamental fairness and equity require that the EEOC act within reasonable time. Delay, which is unreasonable and prejudicial, disserves the core notion behind Title VII in that it affords the alleged victims of discrimination no relief and leaves the employer in limbo, not knowing when an old charge may spring back as the basis of a lawsuit.
"The proper functioning of administrative agencies and the proper relationship between a government and its citizens, individual and corporate, should not allow the unending possibility of litigation on forgotten matters." EEOC v. American Bank, supra, at p. 185.
The legal system and litigants are protected, however, by the doctrine of laches and the provisions of the APA. 5 U.S.C. § 706 provides in part:
"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall 
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be 
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;"
Several district courts have held the above provisions applicable to EEOC actions and have barred the agency from proceeding when its failure to timely proceed amounted to unreasonable delay and prejudice to the defendant. EEOC v. Moore Group, Inc., 416 F.Supp. 1002 (N.D.Ga. 1976); EEOC v. Metro Atlanta Girl's Club, 416 F.Supp. 1006 (N.D.Ga.1976). In EEOC v. Exchange Security Bank, 529 F.2d 1214 (5th Cir. 1976), the Court noted that unreasonable delay, if proved, which results in prejudice, if proved, would be a defense under 5 U.S.C. § 706(1).
There is, therefore, ample authority for the notion that the EEOC, despite the absence of specific statutory time limits, may not unreasonably delay enforcement without excuse, to the prejudice of the parties charged. This affirmative defense consists of two elements: (1) unreasonable delay in bringing proceedings; and (2) resulting prejudice to the defendant. See: EEOC v. Moore Group, Inc., supra.
The Court will now focus on the relevant facts to determine if these elements have been satisfied.
This cause originated from two charges. The first was filed on September 7, 1971, and the second on September 15, 1972. The respective determination letters were issued on February 7, 1973, and September 25, 1973.
With regard to the Stiles charge, two and one-half years passed before a notice of termination of conciliation efforts was received by defendant, although negotiations apparently ended in May of 1973. There was a delay of over thirteen months from the time of filing of the charge and the commencement of the EEOC investigation.
The EEOC did not file suit until April 21, 1976. This delay  over four and one-half years in the Stiles case and three years in the Johnson case, from the filing of the original charges  was unreasonable. In addition, the time from failure of conciliation to the time of suit  three years as to Stiles, two years as to Johnson  was also unreasonable. The plaintiff offers no explanation and merely concludes the delay, while "substantial", was not unreasonable. The Court is of the opinion the facts clearly demonstrate a lack of timeliness on the part of the plaintiff.
The second element necessary to warrant a dismissal is prejudice to the defendant. The mere passage of time generally does not constitute a defense. There is, nonetheless, sufficient evidence of prejudice *796 to dismiss this suit. Many of defendant's employees whose testimony could be crucial are no longer employed by defendant. In addition, all potential witnesses' memories will be eroded by the passage of such an inordinate period of time. Defendant has further lawfully destroyed numerous documents and records which bear directly on the continuing violations and class allegations. It is, therefore, the judgment of this Court that the facts in this case constitute sufficient prejudice to satisfy the defense of laches and APA, 5 U.S.C. § 706. Accordingly, for the above-stated reasons and authorities, defendant's motion for summary judgment will be granted.
By sustaining defendant's motion and dismissing this cause with prejudice, the remaining motions will be rendered moot.