**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellee.**

**No. 78–1379.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Feb. 16, 1979.

Rehearing and Rehearing En Banc Denied March 14, 1979.

ROSS, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from an order of the district court[1] granting summary judgment in favor of defendant Westinghouse Electric Corporation (Westinghouse). The EEOC filed suit against Westinghouse on April 21, 1976, charging racial discrimination in hiring, promotions, discipline and discharges in the company's St. Louis, Missouri facility, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

This case grew out of two charges filed with the EEOC by Westinghouse employees Ronald Stiles and Gregory Johnson in September 1971 and September 1972 respectively. The district court held as a matter of law that the delay between the EEOC's receipt of these charges in 1971 and 1972 and its commencement of suit in 1976 was unreasonably long and prejudicial to the defendant. Relying on the doctrine of laches and section 706(1) of the Administrative Procedure Act (APA), 5 U.S.C. § 706(1),[2] the court dismissed the complaint with prejudice without reaching the merits. We reverse in part and affirm in part.

John D. Schmelzer of Equal Employment Opportunity Commission, Office of the General Counsel, Washington, D. C. (argued), Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, and Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., on brief, for appellant.

Richard A. Mueller (argued) of Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., and John R. Musgrave, St. Louis, Mo., on brief, for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

### I.

We approach this case in light of the recent decision by this court in *EEOC v. Liberty Loan Corp.,* 584 F.2d 853 (8th Cir. 1978). In *Liberty Loan,* we held that "in Title VII litigation a district court has discretionary equitable powers to dismiss the suit in the narrow situation where there has been an inordinate EEOC delay in filing suit and this delay has unduly prejudiced the position of the defendant." *Id.* at 857.

The decision in *Liberty Loan* was based on language in *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53

---

1. The Honorable James H. Meredith, Chief United States District Judge for the Eastern District of Missouri.

2. 5 U.S.C. § 706(1) states:
     To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
     (1) compel agency action unlawfully withheld or unreasonably delayed; * * *.

L.Ed.2d 402 (1977). In that case, the Supreme Court, after ruling that 42 U.S.C. § 2000e–5(f)(1) and state statutes of limitation do not limit the time in which the EEOC may sue an employer, also stated that:

> [A] defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief. This Court has said that when a Title VII defendant is *in fact prejudiced* by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424–425 [95 S.Ct. 2362, 2374–2375, 45 L.Ed.2d 280.] The same discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case," *ibid.,* can also be exercised when the EEOC is the plaintiff.

*Id.* at 373, 97 S.Ct. at 2458 (emphasis added).

■ In light of this language and our decision in *Liberty Loan,* we find it unnecessary to decide whether the same result could be reached under the doctrine of laches or section 706(1) of the APA. We emphasize that under any of these theories a defendant must establish "with such clarity as to leave no room for controversy" that it has been substantially and unduly prejudiced in its ability to defend the lawsuit because of the EEOC's delay. *EEOC v. Liberty Loan, supra,* 584 F.2d at 857.

## II.

In *Liberty Loan,* the defendant established by affidavits that during the four years and four months between submission of the original charge to the EEOC and commencement of suit by the Commission, the company suffered financial setbacks and experienced substantial changes. All but one of the branch offices in St. Louis (where the discrimination allegedly occurred) closed over three years before the

EEOC filed suit. New management assumed control of the company, and entirely new personnel policies and practices were instituted. At the time of suit only five of the one hundred and forty-five persons employed by Liberty Loan in St. Louis at the time of the initial charge were still with the company. None of the supervisory personnel responsible for the alleged acts of discrimination were still working for Liberty Loan. When the St. Louis offices closed, their records were consolidated and in some instances lost. *Id.* at 854–55, 858.

■ In this case, the difficulties faced by Westinghouse in defending this action are not comparable in type or degree with those faced by Liberty Loan. As the district court recognized, the mere passage of time alone does not create a defense warranting dismissal of the entire lawsuit before trial, including the claims of the original charging parties.

■ Westinghouse asserts that it has been prejudiced by the EEOC's delay in the following respects: (1) The company has destroyed all pre-1975 job applications for applicants it did not hire. These records bear on the issue of discriminatory hiring practices. (2) The company has destroyed time cards for workers employed prior to 1976. These records are relevant to the issue of discriminatory dismissals, as the cards reflect absenteeism and tardiness. (3) Some supervisory personnel have left the company, and the memories of available witnesses have been eroded by the passage of time.

On the other hand, the EEOC points to the following documents which the record reflects are available. (1) Exhibit C of defendant's second supplemental answer to plaintiff's first interrogatory number 9(f) is a list of all persons employed by Westinghouse between January 1966 and January 1977, with a notation as to the race of each employee. (2) Defendant's answer to interrogatory 11 of this group indicates that the company has provided the EEOC with applicant flow charts for 1974–1976. The EEOC states that these charts reflect the

names of all applicants for these years, their race, their date of application and the final action on each application. (3) The record contains charts showing all disciplinary action taken against present and former Westinghouse employees. Race, date of hire, job, nature of incident and action taken are included on the charts. (4) Personnel records for all active and inactive employees dating back to 1966 have been maintained and reflect each employee's discipline history. (5) While some supervisory personnel are no longer employed by defendant, more than two-thirds of those involved with promotions remain.

We cannot agree on the basis of this record that no issue of fact remains concerning the prejudicial effect of the EEOC's delay in bringing suit. Fed.R.Civ.P. 56. We therefore reverse the district court's dismissal of the complaint and remand with directions to reinstate this action, subject to the following qualifications:

■ The EEOC has charged continuing racial discrimination in hiring, promotion, discipline and discharges. Westinghouse concedes that it has not destroyed any records compiled after the filing of this action in April 1976. Therefore, we reinstate the complaint as to any employees or applicants on whose behalf the EEOC alleges racial discrimination occurring after April 1976. A class consisting of these persons is entitled to a trial on the merits of the discrimination claims. In addition, Ronald Stiles and Gregory Johnson, the original charging parties, are entitled to proceed to trial on their claims. Westinghouse has demonstrated no prejudice with respect to these employees.

■ The company has sufficiently demonstrated that its ability to defend this lawsuit against claims of discrimination occurring before 1971 has been substantially impaired by the EEOC's delay. We therefore affirm the district court's judgment to the extent it dismissed the claims of persons who allegedly experienced racial discrimination by Westinghouse prior to 1971.

We remand for further pretrial proceedings to determine whether dismissal of this action is appropriate as to those persons whose claims of racial discrimination arose between January 1971 and April 1976. We recommend particularly careful scrutiny of any prejudice alleged with respect to employees and applicants charging discrimination after 1974. The record indicates that while some documents have been destroyed, a substantial body of information remains available to Westinghouse covering the period 1974 to 1976. Furthermore, by 1974 the company was aware of the perimeters of this action and was on notice that conciliation efforts had failed, at least with respect to the Johnson charge.

We therefore affirm in part, reverse in part and remand for further proceedings consistent with this opinion.