## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

## BRAY LUMBER COMPANY, Defendant.

### Civ. A. No. 78–45–VAL.

United States District Court,
M. D. Georgia,
Valdosta Division.

Sept. 20, 1979.

---

**3.** See 49 C.F.R. § 1057.4(a)(4).

Cheryl P. Smith, Trial Atty., EEOC, Atlanta, Ga., for plaintiff.

Wade H. Coleman, Tillman, Brice, McTier, Coleman & Talley, Valdosta, Ga., for defendant.

Mary M. Young, Albany, Ga., for intervenors.

## OPINION AND ORDER

ELLIOTT, Chief Judge.

This is an action brought by Plaintiff, Equal Employment Opportunity Commission (hereinafter EEOC), against Defendant, Bray Lumber Company (hereinafter Bray), in which the EEOC contends that the designation of a Bray employee, Johnny Garrison, a white man, as order relayer in charge of Bray's truss crew, constituted a violation of Section 701 et seq. of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Plaintiff also contends that Bray is maintaining a policy of discrimination in its employment and promotion practices in violation of said Act. Bray has moved to dismiss the action or, in the alternative, for summary judgment. For the reasons set forth below, the Court will grant Defendant's motion for summary judgment.

A review of the pleadings, the discovery matter, the supplementing affidavits and the briefs submitted by both parties, makes it apparent there is no dispute as to the following facts:

On June 10, 1974, twelve men who worked in the truss department of Bray did not appear for work because they objected to the designation of Johnny Garrison, a white man, as production order relayer in charge of the truss crew. This job entailed communicating to fellow crew members each day's work order to be completed. This position carried no raise in pay nor did it give the person so designated any supervisory responsibility other than seeing that the day's orders were filled.

On learning that morning that the men had not appeared for work, Mac Mackey, then Vice President of Bray and the officer in charge of the truss department, went to the home of one of the men and found him and the other objectors there. He offered to work toward a settlement of their complaint and asked them to return to work. He further explained that due to the heavy load of orders in the truss division he would be forced to hire a new crew if they had not returned by 12:00 noon. The men did not return and were terminated and replaced. The following week at least one of the men was rehired and others were told they would be rehired as openings became available.

Charges were filed with the EEOC on June 14, 1974, and notice was served on Bray on June 28, 1974, fourteen days later. From this point nothing was heard from the EEOC for two and one-half years when, on January 31, 1977, Bray received a letter amending the original charge by adding certain parties and requesting information necessary to begin an investigation.

On May 17, 1977, nearly three years after the initial charges were filed, Bray was notified that a determination of reasonable cause to believe the truth of the charges had been made and conciliation efforts would begin. On June 22, 1977, one month later, Bray received notice from the EEOC that conciliation efforts had failed. Following this, by letter dated July 8, 1977, Bray received a "Conciliation Agreement" from the EEOC which Bray, in turn, notified the EEOC that it would not accept. Why this agreement was offered after the failure of conciliation notice had been given is not known.

Again, nothing was heard from the EEOC for another one and one-half years at which time Bray received notice that suit would be instituted. Suit was filed on November 8, 1978, nearly four and one-half years after the initial incident which is the basis of the action took place.

In thoroughly documented briefs submitted to this Court on the issue of the dismissal of this action on grounds of dilatory and prejudicial conduct by the EEOC, Bray points out that while the grounds for such a dismissal have always been the same, the rationale used in sustaining dismissal motions has varied among the circuit courts and among the various district courts of the Fifth Circuit.

In 1975 this Court dismissed an action brought by the EEOC on grounds of unreasonable and prejudicial delay couched in terms of the doctrine of laches. *EEOC v. C & D Sportswear Corporation*, 398 F.Supp. 300 (M.D.Ga.1975). In that opinion we held that the EEOC's inexplicable delay of over five and one-half years in filing suit had so prejudiced the Defendant in its ability to put forth an adequate defense that the action was barred by the doctrine of laches. In so holding, this Court relied primarily on the authority of two decisions of the Court of Appeals for the Fifth Circuit dealing with actions previously brought by the EEOC: *United States v. Georgia Power Company*, 474 F.2d 906 (5 Cir. 1973), and *EEOC v. Griffin Wheel Company*, 511 F.2d 456 (5 Cir. 1975).

These cases classified the award of back pay as a part of the statutory equitable remedy, as is the wholly equitable remedy of injunctive relief. The Fifth Circuit held that the doctrine of laches was, therefore, applicable to such monetary awards. *United States v. Georgia Power Company*, supra, at 923.

In later cases in the Fifth Circuit and elsewhere, however, the applicability of laches to EEOC actions has been questioned. In many of these cases, the courts have reached the same result reached by this Court in *C & D Sportswear* by applying Section 706(1) of the Administrative Procedures Act (APA, 5 U.S.C. § 706(1)). *EEOC v. Moore Group, Inc.*, 416 F.Supp. 1002 (N.D.Ga.1976); *EEOC v. Bell Helicopter Company*, 426 F.Supp. 785 (N.D.Tex.1976).

In *Moore Group*, the Court found that the issue of laches was not actually before the Court in *Georgia Power* nor in *Griffin Wheel* and since, in its opinion, the discussion of laches in those cases was at least ambiguous, it declined to hold the doctrine available as a defense. Similarly, in *Bell Helicopter*, the Court found that the doctrine of laches had no practical application in cases brought by the EEOC to correct employment discrimination since it was entirely overlapped by statutes of limitation and by the APA, 5 U.S.C. § 706. The part of the holding dealing with statutes of limitation has now been overruled by *Occidental Life Insurance Company v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977).

The APA has been held to confer upon a reviewing Court the power to dismiss agency action which has been unreasonably delayed to the prejudice of the Defendant. Further, that dismissal could result from

unreasonable and prejudicial delay without regard to the stage of the administrative proceedings during which the delay occurred. *EEOC v. Bell Helicopter*, supra.

Since 1976, however, this use of the APA has been questioned in the Circuit Courts. Even the district court in *Bell Helicopter* pointed out that the use of the APA in Fifth Circuit opinions had at that time been restricted to compelling punctual action by the EEOC in matters of direct administrative action (i. e. enforcement of its own procedures), and that these cases were the first to extrapolate a mandate for the timely filing of litigation seeking compliance with Title VII.

■ It is clear that Section 706(1) applies to the situation where a federal agency refuses to act in disregard of its legal duty to act. As worded, the section dictates that a "reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed". This has been interpreted by the Court of Appeals for the District of Columbia Circuit to mean that "under the Administrative Procedures Act, administrative agencies have a duty to decide issues presented to them within a reasonable time, . . . and reviewing courts have the duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Nader v. FCC*, 172 U.S.App.D.C. 1, 520 F.2d 182 (1975).

■ Yet, as mentioned, even those courts allowing § 706(1) to be used as a defense against dilatory agency litigation recognize that the section does not expressly address the situation dealt with in those cases and now before this Court. In other words, § 706(1) does not contain specific language authorizing a district court to dismiss agency action which has been unreasonably delayed but only grants the reviewing Court jurisdiction to compel an agency to act when it is under a duty to do so.

Therefore, being mindful of the unresolved divergence of views with respect to the interpretation of § 706(1), this Court will neither accept nor reject constructions placed on it by the various district courts which have considered it. Neither a broad nor a constrictive interpretation of it would be appropriate when its application is unnecessary to the proper disposition of the matter before this Court.

The Supreme Court in *Occidental Life Insurance Company v. EEOC*, supra, noted the authority of district courts to redress unreasonable and prejudicial delays on the part of the EEOC. In that opinion the Court recognized that even though the EEOC is not bound by a specific statute of limitation in filing a Title VII lawsuit, district courts possess the discretionary power to provide appropriate equitable relief to a defendant who has been subjected to such conduct. After referring to various statutory safeguards in Title VII and the regulations of the EEOC, the Court said:

"It is, of course, possible that despite these procedural protections a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief. This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–425, 95 S.Ct. 2362, 45 L.Ed.2d 280. The same discretionary power 'to locate "a just result" in light of the circumstances peculiar to the case,' ibid., can also be exercised when the EEOC is the plaintiff."

432 U.S. at 373, 97 S.Ct. at 2458.

It is in line with the reasoning expressed in *Occidental* that this Court makes its ruling in this case. It is important to note that no matter which legal doctrine is used by Courts in reaching a final decision in these cases, in all cases the ruling is hinged upon a finding by the Court that there has been unreasonable delay on the part of the EEOC and resulting prejudice to the Defendant. These factors form the crux of

this entire matter and both are in ample evidence in the case now before this Court. These facts are made apparent by the pleadings, the discovery matter and the supplementing affidavit, all of which have been considered and make an evidentiary hearing unnecessary.

As noted, the total period of delay in bringing suit in this case was four years and five months. There are several lengthy administrative delays within this period. As an initial matter, Bray did not receive notification of the charge filed against it until fourteen days after it had been filed with the EEOC. The Supreme Court noted in *Occidental* that the only time limitations contemplated by the final version of the 1972 amendment to Title VII were "that a charge must be filed with the EEOC within one hundred eighty days of the alleged violation of Title VII and that the alleged violator must be notified 'of the charge (including the date, place and circumstances of the alleged unlawful employment practice) . . . within ten days' thereafter." 432 U.S. at 371, 97 S.Ct. at 2457.

While we will not decide this case solely on the basis of the EEOC's failure to meet this ten day requirement (other grounds being available to sustain a dismissal), we note the Supreme Court's dictate that this time limitation serves the vital function of protecting fully the rights of the person or persons against whom the charge is filed and is to be strictly observed by litigants in actions of this type. Therefore, the EEOC's failure to meet this requirement indicates an initial impingement of valuable statutory rights of Bray.

Additionally, *Occidental* focuses on the principle that the EEOC is required to timely investigate all charges and determine whether there is reasonable cause to believe that they are true. This determination is to be made "as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge". 42 U.S.C. § 2000e–5(b), (e). *Occidental Life Ins. Co.*, 432 U.S. at 359, 97 S.Ct. at 2451. In this case the EEOC waited over two and one-half years before beginning its formal investigation and its first determination was not issued until just under three years from the date of the initial filing. It is indeed difficult to imagine what circumstances would necessitate such a dramatic departure from the clear mandate of the Act that an initial investigation and cause determination would have to be postponed until the time when evidence has been lost or is so stale and memories so faded as to be valueless. No explanation has been offered by the EEOC.

Finally, suit was not filed until almost one and one-half years after conciliation negotiation had ended. The EEOC has offered no explanation nor has it shown any grounds upon which the delays in *this* case might be deemed reasonable. While this Court is unwilling to rule that any set period of delay is per se unreasonable, the facts of this case show that this delay was not only inordinately long but was caused in great part by the agency's unexplained failure to properly conduct its investigation.

We are not without knowledge of the tremendous work load and overburdened staff of the EEOC. But as stated by the Northern District Court of Texas:

". . . there must be a limit to the prejudice and inconvenience that can be placed on an employer because of the agency's inability or unwillingness to act promptly. . . . The public policy expressed in Title VII of the Act was declared by Congress. The Commission itself was established by Congress. If Congress does not see fit to adequately staff or fund the Commission to carry out its declaration of policy, that also is a congressional decision."

*EEOC v. Bell Helicopter*, 426 F.Supp. at 793.

I can draw no other inference from the fact of these delays than that they are unreasonable, prejudicial and detrimental to the core policies and mandated purposes of Title VII.

As to the issue of prejudice to Bray, I find that prejudice is evidenced at several junctures in these proceedings. By its affidavit, Bray shows that it had never before

been the subject of a lawsuit filed by the EEOC. It was unfamiliar with the procedures and customs of this administrative agency and since it heard nothing from the EEOC for a full two and one-half years after the filing of the initial charge, it took no particular pains to preserve evidence that might aid it in the defense of an eventual lawsuit on the matter.

Further, at the time Bray was notified of the failure of conciliation efforts it was not apprised of the fact that any individual or the EEOC contemplated or was authorized to institute litigation in the matter. By the time suit was filed, some four and one-half years from the date the initial incident took place, key personnel in labor, supervisory and management positions with the company had left Bray's employ and those who remained were operating on scantly remembered facts of what had been to them a minor employment dispute those several years previous. It would be a hardship on Bray to locate former employees and procure their testimony in defense of the charges presented here. Even those who could be located might only offer testimony of questionable value as above noted.

It is well within the equitable powers of the district court to dismiss. It would be grossly unfair to require Bray to spend time and money in attempting to locate these employees and procure their testimony and that of those still in its employ based on faded memories and what scant documentary evidence they might still possess in order to establish a record with which to defend an essentially moot lawsuit which was unreasonably delayed by the EEOC.

Accordingly, it is ordered that the Defendant's motion for summary judgment be, and it is hereby, sustained, and it is directed that the complaint in this matter be dismissed in its entirety.