623 F.2d 86
 23 Fair Empl.Prac.Cas. 251,
23 Empl. Prac. Dec. P 31,109
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
ALIOTO FISH CO., LTD., Hotel & Restaurant Employees and
Bartenders Union, Local No. 2, Defendants-Appellees.
 No. 78-2365.
 United States Court of Appeals,
Ninth Circuit.
 July 9, 1980.
 
 Lutz A. Alexander Prager, Washington, D. C., argued for plaintiff-appellant; Neil A. J. McPhie, Equal Employment Opportunity Com'n, Washington, D. C., on brief.
 Richard Saveri, San Francisco, Cal., argued for defendants-appellees; Saveri & Saveri, San Francisco, Cal., on brief.
 Appeal from the United States District Court for the Northern District of California.
 Before KENNEDY and NELSON, Circuit Judges, and STEPHENS, District Judge.*
 KENNEDY, Circuit Judge:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) appeals from a district court order granting summary judgment and dismissing an action against Alioto Fish Co., Ltd. (Alioto). We hold that the district court correctly found that the action was barred by laches. Accordingly, we affirm.
 
 
 2
 On June 5, 1971, Eve Stone filed a charge with the EEOC alleging that Alioto had discriminated against her on the basis of sex in failing to hire her as a food server. Notice that a charge had been filed was mailed to Alioto on March 29, 1972. In September, 1972, Alioto received a copy of the charge which named Eve Stone as the charging party.
 
 
 3
 On January 31, 1973, nineteen months after Stone filed her charge, the EEOC determined that there was reasonable cause to believe that Eve Stone's charge of sex discrimination was true and that Alioto also had discriminated against minorities in hiring. Unsuccessful conciliation proceedings began in November, 1973 and terminated in December, 1974.
 
 
 4
 The EEOC brought this action twenty months later, on August 19, 1976. The complaint alleged that Alioto violated 42 U.S.C. § 2000e-2 by discriminating on the basis of sex against Eve Stone and engaging in a continuous pattern and practice of discrimination against women and minorities. The relief requested included a negative injunction against further discrimination, an affirmative injunction requiring Alioto to eradicate present effects of past discrimination, and back pay for all persons adversely affected. During discovery the EEOC identified another woman, Reid Larrance, as one who had filed a charge with the EEOC in 1976 also alleging employment discrimination by Alioto. The district court granted summary judgment for Alioto on the grounds of laches.[1]
 
 
 5
 Summary judgment may be ordered where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court reviewing the grant of summary judgment should view the evidence in the light most favorable to the losing party. See Scharf v. United States Attorney General, 597 F.2d 1240, 1242 (9th Cir. 1979).
 
 
 6
 Laches, an equitable bar to an action on the ground of unexcused or unreasonable prejudicial delay, may be used as a defense to a Title VII action. Boone v. Mechanical Specialties Co., 609 F.2d 956, 958-59 (9th Cir. 1979). In Boone this court found unreasonable delay where a Title VII action was brought 79 months after the original charge had been filed. Id. at 957, 959. Less extreme delays may also be unreasonable. See EEOC v. Liberty Loan Corp., 584 F.2d 853, 857-58 (8th Cir. 1978) (dismissal after 52 months under court's equitable powers).
 
 
 7
 In this case the EEOC filed suit 62 months after Stone first filed a charge against Alioto. The EEOC does not suggest an excuse other than its backlog of cases for the nineteen-month period before its reasonable cause determination, the subsequent ten-month delay before the commencement of conciliation proceedings, or the twenty-month delay after the termination of conciliation efforts before the EEOC brought suit. The agency's workload has been rejected as an excuse for unreasonable delay. See EEOC v. Liberty Loan Corp., 584 F.2d at 857 n.6 (quoting EEOC v. Bell Helicopter, 426 F.Supp. 785, 793 (N.D.Tex.1976)). We conclude that the district court did not err in finding as a matter of law that the EEOC's delay in this case was unreasonable.[2]
 
 
 8
 The dispositive question is whether, viewing the facts in the light most favorable to the EEOC, Alioto has been substantially prejudiced by the delay. The following uncontroverted facts support the district court's finding of prejudice:
 
 
 9
 (1) at least three persons who had authority to hire employees from 1965 until 1976 are deceased;
 
 
 10
 (2) the EEOC conciliator is also dead;
 
 
 11
 (3) the night manager at the time Eve Stone applied for a job, who was authorized to hire dining room employees, has retired and is now 74 years old;
 
 
 12
 (4) only one of sixteen persons employed as food servers in 1971 is still employed at the restaurant;
 
 
 13
 (5) the EEOC employee who investigated Stone's charge no longer works for the EEOC and was unavailable at the time of the judgment below;[3]
 
 
 14
 (6) Eve Stone has retained no records pertaining to this action and does not even recall whether or not she applied for employment at Alioto's;
 
 
 15
 (7) Alioto has not retained job applications and complete employment records dating from before approximately October, 1973.[4]
 
 
 16
 In addition, the delay undeniably has dimmed the memories of available witnesses and has greatly enlarged Alioto's potential back pay liability because the EEOC seeks relief for all persons discriminated against by Alioto. We find that these undisputed facts provide compelling evidence that Alioto was substantially prejudiced in its defense of claims for back pay. The district court did not err in granting summary judgment as to those claims.
 
 
 17
 The EEOC also seeks injunctive relief against an alleged pattern and practice of discrimination that continued up to the time the action was brought in 1976. Prejudice from unreasonable delay may also hamper the defense of a claim alleging a pattern and practice of discrimination and may justify dismissal of an entire action. See EEOC v. Liberty Loan Corp., 584 F.2d at 854 n.2, 858.
 
 
 18
 Such prejudice is particularly evident in this case. The district court found that the employment practices of Alioto and the local restaurant industry had significantly changed since the time of Eve Stone's original charge. The defense to the claim of a pattern and practice of discrimination would require much of the same unavailable evidence needed to defend the original individual charge filed by Eve Stone. The prejudicial delay by the EEOC tainted the entire action and justified its dismissal.[5]
 
 
 19
 The district court noted in its order, however, that the EEOC could bring a new complaint based on the second claim filed in 1976 against Alioto. We also affirm this part of the order.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Albert Lee Stephens, Jr., Senior District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The district court order also noted Alioto's changed employment practices. In light of our disposition of the case, we need not address whether any part of the action is moot
 
 
 [2]
 The unreasonable delay after conciliation proceedings ended distinguishes this case from Bernard v. Gulf Oil Co., 596 F.2d 1249 (5th Cir.), rehearing en banc granted, 604 F.2d 449 (1979), and Fowler v. Blue Bell, Inc., 596 F.2d 1276 (5th Cir. 1979), cert. denied, --- U.S. ----, 100 S.Ct. 671, 62 L.Ed.2d 648 (1980)
 
 
 [3]
 The EEOC minimizes the importance of unavailable witnesses, stating that it intends to prove its claims largely through employment statistics in possession of both parties. Although statistics can prove employment discrimination, they may be rebutted by surrounding facts and circumstances. Teamsters v. United States, 431 U.S. 324, 339-40, 97 S.Ct. 1843, 1856-57, 52 L.Ed.2d 396 (1977). Unavailability of witnesses would prejudice Alioto should it be required to rebut statistical proof of employment discrimination
 
 
 [4]
 The EEOC contends that once Alioto had notice of the claim in 1972, it had a duty to retain employment data and, therefore, can claim no prejudice from their destruction. We have held that the destruction of records may be excused where unreasonable delay occurs after conciliation. Boone v. Mechanical Specialties Co., 609 F.2d 956, 959-60 (9th Cir. 1979). In light of the other undisputed evidence of prejudice, however, we need not decide whether the EEOC's inordinate delay relieved Alioto of the obligation of retaining records
 
 
 [5]
 The EEOC's reliance on cases from other circuits is misplaced. In EEOC v. American Nat'l Bank, 574 F.2d 1173 (4th Cir.), cert. denied, 439 U.S. 876, 99 S.Ct. 213, 58 L.Ed.2d 190 (1978), there was no district court finding that the delay also prejudiced the defense to claims of continuing discrimination. See EEOC v. American Nat'l Bank, 420 F.Supp. 181, 187-88 (E.D.Va.1976). In EEOC v. Westinghouse Elec. Corp., 592 F.2d 484, 487 (8th Cir. 1979), there was no showing of prejudice even with respect to the original individual claims. In Fowler v. Blue Bell, Inc., 596 F.2d 1276, 1279-80 (5th Cir. 1979), almost no material witnesses were shown to be unavailable