EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

MARTIN PROCESSING, INC.,
Defendant.

Civ. A. No. 75–0058D.

United States District Court,
W. D. Virginia.

Feb. 3, 1982.

Evelyn O. A. Darden, Acting Supervisory Trial Atty., E. E. O. C., Baltimore Dist. Office, Baltimore, Md., for plaintiff.

Frank W. Bullock, Jr., Douglas, Ravenel, Hardy, Crihfield & Bullock, Greensboro, N. C., John L. Gregory, III, Young, Haskins, Mann, Gregory & Young, Martinsville, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

The Equal Employment Opportunity Commission (EEOC) brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., alleging that Martin Processing, Inc., has since July 7, 1965 and is now engaging in discriminatory employment practices. In its complaint, the EEOC seeks relief in the form of an injunction against further discrimination; an injunction requiring the defendant to institute an affirmative action program, and back pay for those discriminated against.

This matter is presently before the court on the defendant's motion for summary judgment. In this motion, defendant contends that the EEOC should be barred from

maintaining suit based on its charges of discrimination on several grounds. Defendant alleges: (1) that the EEOC commenced its investigation of the original discrimination charges prior to obtaining a sworn charge as required by 42 U.S.C. § 2000e–5(b); (2) that the EEOC failed to provide defendant with reasonable notice of the filing of the 1971 charge; (3) that the EEOC promulgated its reasonable cause determination, conducted conciliation and managed the handling of this litigation in bad faith; (4) that the EEOC has failed to demonstrate any substantive basis for intentional gender-based discrimination; and (5) that the EEOC's unreasonable delay in bringing suit subjects it to an equitable defense of laches, or a defense under the Administrative Procedure Act, (APA), 5 U.S.C. §§ 706(1), 706(2), 555(b).

Since defendant's first four grounds for its motion potentially involve disputed issues of material fact, this case is not ripe for resolution on those grounds. Consideration of those issues by this court, is unnecessary, however, as it is apparent that the EEOC unreasonably delayed in bringing this action.

This action stems from a charge of discrimination initially filed with the EEOC in April, 1971 by Raymond S. Joyce and Bernard M. Carter. In their charges, Carter and Joyce challenged the legality of layoffs which occurred in February and March, 1971 at defendant's Fieldale Plant located in Martinsville, Virginia. The charges alleged that defendant's policy of laying off males and refusing to allow males with seniority to bump newly-hired, inexperienced females constituted a violation of Title VII. According to the EEOC, notice of the April, 1971 charges was sent to the defendant on March 28, 1972. However, defendant has not acknowledged receipt of such notice. The EEOC states that the two charges were referred to an EEOC investigator on March 20, 1973, but that the formal investigation of these charges did not commence until after the charges were sworn to in August, 1973. Defendant avers in an uncontroverted affidavit that it first became aware of the EEOC investigation into the April 1971 charges at that time. On May 31, 1974, the EEOC issued its determination as to reasonable cause. In its determination, the EEOC concluded that reasonable cause existed to believe that males were laid off because of their sex and that discrimination in hiring and job classification adversely affected both males and females. It is apparent from defendant's uncontroverted affidavits that officials at Martin Processing were not aware of any allegations of discrimination against females until defendant received a copy of the EEOC's determination in June, 1974. Conciliation was subsequently unsuccessfully attempted. The EEOC filed suit against defendant on August 27, 1975, alleging discrimination against both males and females. Defendant contends that the EEOC's 53 month delay in filing suit in this case was unreasonable and that this delay has caused it to be substantially prejudiced in its defense.

Accordingly, defendant contends that the EEOC's unreasonable delay provides a bar to this action either on the basis of the APA or on the basis of the equitable doctrine of laches.

A number of federal courts have held that a provision of the APA, 5 U.S.C. § 706, provides them with the authority to dismiss agency actions which have been unreasonably delayed to the prejudice of the defendants. See *EEOC v. Moore Group, Inc.*, 416 F.Supp. 1002 (N.D.Ga.1976); *EEOC v. Exchange Security Bank*, 529 F.2d 1214 (5th Cir. 1976); *EEOC v. Bell Helicopter Company*, 426 F.Supp. 785 (N.D.Tex.1976). However, such an interpretation of 5 U.S.C. § 706 is questionable. See *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978). While it is clear that Section 706(1) of the APA applies to the situation where an administrative agency refuses to act in contravention of its legal duty to act, it is unclear whether it can be used as a defense against dilatory agency action. Section 706(1) provides that a "reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed." In essence, § 706(1) does not contain specific lan-

guage authorizing a district court to dismiss agency action which has been unreasonably delayed but only empowers a reviewing court to compel an agency to fulfill its legal mandate. Nevertheless, while the federal courts are split on the question of the applicability of § 706(1) to the dismissal of causes of action based on unreasonable administrative delay, this court need not pass on that question. "Neither a broad nor a constrictive interpretation of it would be appropriate when its application is unnecessary to the proper disposition of the matter before this court." *EEOC v. Bray Lumber Co.*, 478 F.Supp. 993 (M.D.Ga.1979).

Federal district courts may exercise their traditional equitable powers in Title VII actions. In *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Supreme Court held that while no existing federal statute of limitations is applicable to bar Title VII suits brought by the EEOC, the inherent discretionary power of federal courts may be employed to obtain a just result in appropriate cases. The court stated:

> [A] defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief. This court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–425 [95 S.Ct. 2362, 2374–2375, 45 L.Ed.2d 280]. The same discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case," *ibid.*, can also be exercised when the EEOC is the plaintiff.

*Id.* at 373, 97 S.Ct. at 2458.

It is well established that laches, an equitable bar to an action on the ground of unexcused or unreasonable delay, may be used as a defense to a Title VII action. *EEOC v. American National Bank*, 574 F.2d 1173 (4th Cir. 1978), *cert. den.*, 439 U.S. 876, 99 S.Ct. 213, 58 L.Ed.2d 190 (1978); *Boone v. Mechanical Specialties*, 609 F.2d 956 (9th Cir. 1979). In order to maintain the affirmative defense of laches, the defendant must establish unreasonable or unexplained delay in bringing proceedings and resulting prejudice to the defendant.

The EEOC did not file suit until August 27, 1975. The total period of delay in bringing suit in this case was four years and five months. There are several lengthy administrative delays within this period. By its own admission the EEOC waited almost twenty-nine months after the first charge was filed before beginning its formal investigation. The EEOC issued its reasonable cause determination eight months later, more than three years after Joyce and Carter's charges were initially filed with the EEOC. Unsuccessful conciliation proceedings began in June, 1974 and terminated twelve months prior to the filing of this suit. In this case the EEOC filed suit 53 months after Joyce and Carter first filed a charge against Martin Processing. The EEOC has offered no explanation for its delay in proceeding with this case nor has it proffered any basis upon which the delays might be deemed reasonable. While this court is loathe to consider any specific period of delay to be unreasonable *per se*, the dilatory fashion in which the EEOC conducted its investigation in this case clearly resulted in delays of unreasonable proportions. "Here the delay was not only inordinately long, but was caused in part by the agency's unexplained failure to properly conduct its investigation." *EEOC v. Liberty Loan Corp., supra*, at 857. Title VII clearly does not countenance the type of delay which occurred in the present case. While this court remains cognizant of the tremendous work load and overburdened staff of the EEOC, it is clear that:

> [T]here must be a limit to the prejudice and inconvenience that can be placed on an employer because of the agency's inability or unwillingness to act promptly.... The public policy expressed in Title VII of the Act was declared by

Congress. If Congress does not see fit to adequately staff or fund the Commission to carry out its declaration of policy, that also is a congressional decision. *EEOC v. Bell Helicopter, supra*, at 793. The EEOC has offered no evidence from which this court could even infer an excuse for its fifty-three month delay. Accordingly, the delay in this case is unexplained, inexcusable, and unreasonable.

Faced with similar fact situations, a number of federal courts have considered EEOC delays to be unreasonable. In *EEOC v. Liberty Loan Corp., supra*, the Eighth Circuit held an EEOC administrative delay of 4 years and four months to be unreasonable. A three year delay was considered unreasonable by the court in *EEOC v. Westinghouse Electric Corp.*, 450 F.Supp. 792 (E.D. Mo.1978) *modified*, 592 F.2d 484 (8th Cir. 1979). In *EEOC v. Alioto Fish Co., Ltd.*, 623 F.2d 86 (9th Cir. 1980); the Ninth Circuit deemed sixty-two months to constitute unreasonable administrative delay. In addition, the facts in *EEOC v. Bray Lumber Co., supra*, are very similar to those encountered in the present case. In *Bray Lumber, supra*, the EEOC did not commence its formal investigation until two and one-half years after the charge of discrimination was filed; did not submit its determination of reasonable cause until nearly three years since the filing of the charges had elapsed; and delayed in filing suit for one and one-half years after attempts at conciliation failed. In *Bray Lumber, supra*, it took the EEOC nearly four and one-half years since the incident complained of to file suit. The court in that case held such delays to be "unreasonable, prejudicial and detrimental to the core policies and mandated purposes of Title VII." *Id.* at 997.

Nevertheless, the mere passage of time is insufficient to establish an affirmative defense in this case. The defendant must also demonstrate prejudice to its defense stemming from the unreasonable delay. *EEOC v. American National Bank, supra; EEOC v. Liberty Loan Corp., supra*. Several federal courts have attempted to define the parameters or prejudice sufficient to sus-

tain the application of the laches defense. In *Liberty Loan, supra*, the Eighth Circuit upheld the district court's grant of summary judgment based on its finding of sufficient prejudice. The court noted that the defendant no longer employed any of the supervisory personnel connected with the discrimination charge; that the St. Louis office charged with discrimination had been closed; that relevant documents and records had been either consolidated or lost; that that alteration of the corporate structure undertaken subsequent to the filing of the charge resulted in wholesale turnover of the corporate management charged with discrimination. The court emphasized the hardship to the defendant of piecing together corporate records and locating former employees occasioned by the EEOC's unreasonable delay and granted defendant's motion for summary judgment on the basis of laches. In *EEOC v. Bray Lumber Co., supra*, the court held that:

> By the time suit was filed, some four and one-half years from the date the initial incident took place, key personnel in labor, supervisory and management positions with the company had left Bray's employ and those who remained were operating on scantly remembered facts of what had been to them a minor employment dispute those several years previous. It would be a hardship on Bray to locate former employees and procure their testimony in defense of the charges presented here. Even those who could be located might only offer testimony of questionable value as above noted.

In *EEOC v. Alioto Fish Co., Ltd., supra*, the Ninth Circuit reasoned that the prejudice occasioned by the EEOC's delay in filing suit justified the dismissal of the entire action. In *Alioto*, the EEOC alleged that the defendant was engaging in a continuous pattern and practice of discrimination against women and minorities. The court cited as prejudicial the fact that several key employees were deceased or had retired; that only one employee working at the time of the alleged discrimination was still employed by the defendant; that several EEOC officials responsible for the investi-

gation and conciliation of the charge were unavailable; that the charging party's memory had dimmed; and that the defendant had not retained job applications and complete employment records relevant to the charge of discrimination. The court noted that:

> In addition, the delay undeniably has dimmed the memories of available witnesses and has greatly enlarged Alioto's potential back pay liability because the EEOC seeks relief for all persons discriminated against by Alioto. We find that these undisputed facts provide compelling evidence that Alioto was substantially prejudiced in its defense of claims for back pay. The district court did not err in granting summary judgment as to those claims.

623 F.2d at 89. Moreover, courts which have considered the APA to provide a remedy for unreasonable delay have found substantial prejudice to exist under similar factual circumstances. *See EEOC v. Bell Helicopter Company, supra; EEOC v. Moore Group, Inc., supra.*

In *EEOC v. American National Bank,* 420 F.Supp. 181 (E.D.Va.1976), the court granted defendant's motion for summary judgment on the basis of laches. The court found that unreasonable delay and substantial prejudice justified the imposition of laches. Upon reviewing the decision of the district court, however, the Fourth Circuit held that prejudice to defendant's ability to defend allegations of individual discrimination did not necessarily constitute prejudice to the defendant's ability to defend the EEOC's claim of pattern and practice discrimination. The court stated:

> As we have previously mentioned, the commission's suit was not concerned merely with the Holland charge; it alleged a pattern and practice of racial discrimination. In contrast, the district court's finding of prejudice rested primarily on the lost evidence concerning Holland's initial charge. This loss may justify denial of relief to Holland, but it does not establish the bank's inability to defend the pattern and practice suit.

Applying *Occidental,* we conclude that the district court should not have dismissed the commission's suit. Whether the commission's delays caused prejudice that will justify a limitation of the relief which the district court should decree can best be considered after the facts have been fully developed, if the commission ultimately prevails.

574 F.2d at 1175–76. Moreover, in *EEOC v. Chesapeake & Ohio Railway Co.,* 577 F.2d 229 (4th Cir. 1978), the Fourth Circuit, relying on *American National Bank, supra,* determined that "[a] finding of prejudice cannot rest on the company's generalized assertions; prejudice must arise from and be assessed with respect to the facts of each individual claim." *Id.* at 234. It is evident from these cases that the Fourth Circuit requires a clear showing of substantial prejudice for each individual claim of discrimination before a laches determination is appropriate. Nevertheless, in the present case, viewed in the light most favorable to the EEOC, it is clear that the defendant is substantially prejudiced in defending both the charges of discriminating against male employees in layoffs and of discriminating against female employees in its hiring practices. The documents, exhibits and affidavits presently before the court constitute substantially more than mere "generalized assertions." *Id.* at 234. Where such prejudice from unreasonable delay exists as to all of the pending claims, the dismissal of the entire action is justified. See *EEOC v. Liberty Loan Corp., supra* at 854 n. 2, 858; *EEOC v. Alioto Fish Co., Ltd., supra,* at 89.

The uncontroverted affidavits of R. Wayne Slate, Personnel Director of the Martin Processing, Inc. plant at Martinsville, and Robert Newman, Director of the Human Resources Department of Martin Processing, Inc., reveal that the prejudicial effect of the EEOC's delay in filing this action is both substantial and comprehensive.

With regard to the EEOC's claim that defendant discriminated against females in its hiring practices the following uncontroverted facts support this court's determina-

tion of prejudice. At the time of the layoffs which eventually led to this action, hiring and layoff decisions were handled for Martin Processing by John Prillaman in the Personnel Department and by Ronald Ressel the plant manager. Mr. Prillaman has been dead since April, 1978, and Mr. Ressel is no longer an employee of Martin Processing. In addition, two subsequent plant managers, Gene Medley and Doug Young, are no longer employed by the defendant. Newman's affidavit outlines the hiring procedure employed by Martin Processing in 1971 as follows:

> The hiring procedure in 1971 and thereafter consisted of an applicant filling out an application and subsequently being interviewed by Mr. Prillaman. If the applicant appeared to be a good prospective employee, and if there was an opening, Mr. Prillaman referred the individual to the foreman in the department in which there was a vacancy. The foreman then talked with the applicant, explained the job, and answered any questions about the work. If the foreman was satisfied with the applicant, and if the applicant wanted the particular job after seeing it, the individual was hired.

This hiring procedure is significant because eleven supervisory personnel and fifteen foreman, employed by Martin Processing, Inc. between 1971 and 1974, are either deceased or no longer employed by defendant. Defendant's affidavits reveal that of the seventeen foremen and supervisors employed at the Fieldale plant on August 28, 1973, only five remain in defendant's employ. In addition, the defendant retains the job applications of unsuccessful applicants for only one year. The company also destroyed some of its monthly bid sheets on which every job is posted. Defendant contends that these documents were vital to an effective defense in that it would, if available, establish the non-discriminatory nature of its hiring and promotion policies.

With regard to the EEOC's claim that defendant discriminated against male employees in its 1971 layoffs the following uncontroverted facts support this court's determination of prejudice. The 1971 layoffs primarily concerned the dye house department. Every foreman or supervisor employed by defendant in its dye house department at the time of the layoffs are either dead or no longer employed by Martin Processing. This statistic is significant because the layoff scheme envisioned in the union contract authorized the layoff of more senior but less qualified employees under certain circumstances. In essence, such layoffs would largely depend upon an evaluation of employee work performance. The delay of the EEOC has effectively precluded defendant from presenting such an evaluation. The February and March layoff notices were written and initialed by Prillaman and Ressel. Of the sixty-four employees laid off in February, 1971, fifty-three are no longer in defendant's employ; and of the twenty-two employees laid off in April, 1971, twenty-one are no longer employed by the defendants. Moreover, the individuals who filed the discrimination charges, Carter and Joyce, are no longer employed by defendant. Finally, all potential witnesses' memories will be eroded by the passage of such an inordinate period of time.

In addition, it has obviously been over six years since the complaint was first filed in this case. Defendant contends, by means of the Slate and Newman affidavits, that the delay since the filing of the lawsuit was occasioned by the bad faith of the EEOC. These uncontroverted affidavits reveal that throughout this six-year period Martin Processing was subject to conflicting signals from the EEOC. During this time period, several different trial attorneys and staff members handled this case for the EEOC and proceeded with it based on conflicting and often inconsistent approaches resulting in disparate settlement and discovery demands.

It is well within the equitable powers of this court to dismiss this action. It would be manifestly unfair to require Martin Processing to spend time and money in attempting to locate former employees and procure their testimony and that of those still in its employ based on faded memories

and what scant documentary evidence they might still possess in order to establish a record with which to defend an essentially moot lawsuit which was unreasonably delayed by the EEOC.

Accordingly, defendant's motion for summary judgment will be granted. An appropriate order will be entered.